CASE 26—INDICTMENT—NOVEMBER 17.

# Willard v. Commonwealth.

APPEAL FROM MARION CIRCUIT COURT.

FAILURE OF LEGISLATURE TO OBEY MANDATE OF CONSTITUTION.—Until the Legislature obeys the mandate of Section 252 of the Constitution requiring the establishment of a house of reform or correction for the detention of offenders under the age of eighteen years, it is proper to adjudge the confinement of such offenders in the State penitentiary. The courts have no power to compel the Legislature to act, or to afford relief if it does not act.

WM. E. RUSSELL FOR APPELLANT.

The provision of the Constitution as to the establishment by the Legislature, as soon as *practicable*, of a House of Reform being mandatory, and the Legislature having for three years failed to provide same, there can be no constitutional punishment by confinement in the penitentiary of offenders under eighteen years of age. (New Constitution, sec. 252.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

Though the court may share the dissatisfaction of the appellant with the failure of the Legislature to carry into effect the provisions of sec. 252 of the Constitution, it is powerless to afford the relief sought, as the Legislature itself is the judge of the question when it is *practicable* to put the provision into effect.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant, a lad of sixteen years, was tried and convicted of the crime of breaking into a store-house with intent to steal, and was sentenced to the State penitentiary for one year.

The bill of exceptions recites that the trial was regular and free from errors, and the evidence justified the finding; and this is conceded by counsel. But because the culprit is only sixteen years of age, and the Constitution (section 252) provides that the Gen-

Willard v. Commonwealth.

eral Assembly, as soon as practicable, shall provide "for the establishment and maintenance of an institution or institutions for the detention, correction, instruction and reformation of all persons under the age of eighteen years convicted of such felonies and misdemeanors, as may be designated by law;" that, therefore, no incarceration in the penitentiary can be constitutionally adjudged against those falling within the class of offenders named.

The legislative department of the government, however, has failed to provide this "House of Reform," as it was to be styled, and, however much we deplore this failure, there is no power vested under the Constitution in the judiciary department to act, or to afford relief if it does not act. If this appeal has been prosecuted to obtain from this court an indorsement of the legislation required by section 252, we unhesitatingly express the belief that the want of some such reformatory institution has long been a crying evil in our State.

We are powerless, however, on this appeal to revise the action of the legislative department, and can reverse only for errors appearing in the record.

Judgment affirmed.