## EX PARTE KATE MATHEWS.

### No. 1508. Decided February 9, 1898.

**Habeas Corpus—Female Defendant—Judgment of Imprisonment in Penitentiary Where Verdict Specified Reformatory.**

Where a female defendant under the age of 16 years was found guilty of murder in the second degree, and the verdict assessed her imprisonment in the reformatory, but the court entered up judgment imprisoning her in the penitentiary, Held, the law excludes females from the reformatory, and the verdict was unauthorized, and the court properly treated that portion of it as surplusage and awarded her punishment in the penitentiary; and the judgment not being void, the writ of habeas corpus could not be availed of by defendant.

APPEAL from McLennan. Tried below in chambers before Hon. MARSHALL SURRATT, District Judge.

Appeal from a judgment upon a habeas corpus hearing remanding relator to custody.

This was an application under a writ of habeas corpus for relief from confinement, under the following state of facts: Kate Matthews, a female under the age of 16 years, was indicted by the grand jury of McLennan County for having murdered one Maggie Williams, June 5, 1897. The indictment was a legal and valid one, was properly presented and returned into open court, the Fifty-fourth Judicial District Court of McLennan County. Upon this indictment, the 1st of December, 1897, she was arraigned for trial in said District Court, and pleaded not guilty; to which plea the jury answered by their verdict as follows: "We the jury find the defendant guilty of murder in the second degree. We find further that she is 14 years of age, and we assess her punishment at five years confinement in the State reformatory." Upon which verdict the following judgment was rendered: "It is ordered by the court, that the defendant Kate Matthews, who has been adjudged to be guilty of murder in the second degree, and whose punishment has been assessed by the verdict of the jury at five years confinement in the State reformatory, be delivered by the sheriff of McLennan County, Texas, immediately, to the superintendent of the penitentiaries of the State of

Texas, or other person legally authorized to secure such convicts, and the said defendant shall be confined in said penitentiaries for the period of five years, in accordance with the provisions of law governing the penitentiaries of said State, and the defendant is remanded to jail until such time as said sheriff can obey the directions of this sentence."

*G. M. Scarborough* and *George H. Denton,* for appellant.—In felony cases defendants can only be punished upon a verdict of a jury and in accordance with the verdict of a jury. No judgment or sentence not based upon or in contravention of the verdict is valid, and if the verdict itself is void, no judgment or sentence can be based thereon, and any restraint of the liberty of the citizen based upon a void verdict, judgment, and sentence is illegal.

Appellant contends that the verdict of the jury as rendered in this case is void, and that no judgment based thereon, whether the judgment followed the verdict of the jury or was in contravention of the verdict, is valid, but is likewise void. That this verdict is void has been settled by the decisions of this court in an analogous case, and that it will not support a judgment and sentence in acordance with it has also been settled, the court declaring all absolutely void, and it can not be contended with any show of reason that, if void, and therefore furnishing no basis for a judgment in conformity with the verdict, that it can furnish any basis for a judgment in contravention of the verdict.

Appellant contends, in the language of the Constitution, section 15, article 1, "The right of trial by jury shall remain inviolate." This right of trial by jury means that appellant must be punished, if at all, in accordance with the verdict of a jury.

Code of Criminal Procedure, article 22: "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded." Article 705, Code of Criminal Procedure: "A verdict is a declaration by a jury of their decision of the issues submitted to them in the case, and it must be in writing and concurred in by each member of the jury. What issue was submitted to the jury in this case? Answer: The issue as to appellant's guilt, and the question of the length of time and place of confinement, if found guilty.

Article 712, Code of Criminal Procedure: "The verdict in every criminal action must be general. * * * Where the plea is not guilty, they must find the defendant either guilty or not guilty, and in addition thereto shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."

Article 791, Code of Criminal Procedure, gives the statutory requirements of a judgment: "A final judgment is the declaration of the court entered of record, showing, (1) the title and number of the case; * * * (7) return of the verdict; (8) the verdict; * * * (10) that the defendant be punished as it has been determined by the jury in cases where they have the right to determine the amount or the duration of

the place of punishment, in accordance with the nature and terms of the punishment prescribed in the verdict."

Article 792, Code of Criminal Procedure: "A sentence is the order of the court, made in the presence of the defendant, and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law."

Thus it will be seen that the constitutional and statutory safeguards granted the defendants in felony trials with scrupulous exactness require the verdict in accordance with the law, declaring the duration and fixing the place of the punishment, and that this verdict is the only basis in law for the judgment of the court.

It has been enacted by the Legislature of Texas that female prisoners can not be confined in the State reformatory, and this court has held (Ex Parte Emma Creel, 29 Texas Criminal Appeals, 439) that the verdict, judgment, and sentence directing punishment of a female convict by confinement in such reformatory are all absolutely void. The verdict of the case at bar is, under the statutory requirements in view of the reformatory law, void, and a like verdict was so held in the Creel case, supra. If void, it can not afford the basis for a judgment even in accordance with it, and much less can it afford basis for a judgment in contravention of it. If void, no act of the court could give it vitality. No discretion is left in the courts by law, in rendering judgments in felony cases, other than that they be rendered in conformity with the verdict of the jury. When the lower court received this verdict and discharged the jury, from that moment appellant was held by virtue of the verdict and judgment, which were absolutely void; therefore her detention further is an illegal restraint, and she should be discharged.

The contention of the State has been, and doubtless will be, that the portion of this verdict affixing the place of punishment was surplusage, and the court had the right to strike it out and affix another and different punishment than that found by the jury. No such contention can be harmonized with articles 712 and 791 of the Code of Criminal Procedure, cited above, as was correctly decided by this court in the Creel Case. Whatever may be the mistakes of the law, the defendant if convicted and punished must be punished according to law, and her punishment found by a jury. In this case her punishment was assessed by the court, not by the jury, which was in violation of her rights, and therefore we pray that she be released and discharged from further custody in this behalf.

*Mann Trice*, Assistant Attorney-General, for the State.—It is submitted that habeas corpus is not a remedy in this case, because this writ can not be made use of to affect an appeal or writ of error, and hence where the error of the trial can be corrected by appeal, the writ can not be invoked. Darrah v. Westerlage, 44 Texas, 388; Ex Parte McGill, 6 Texas Crim. App., 498; Ex Parte Boland, 11 Texas Crim. App., 159.

In the event the court should hold that the record presents a case for further consideration than on the proposition announced, it is further respectfully submitted that the verdict herein is neither void nor voidable; and that the designation of the place of confinement is and may be treated as surplusage. Surplusage is that which is not essential to the finding of the true issue, and since the place of confinement is not an issuable fact, but is a consequent upon the facts found, it may be so regarded, and proper judgment may be rendered on a verdict responding to the issues of fact, without regard being had to the place of confinement. Moore v. State, 1 Texas Crim. App., 23; Hart v. State, 38 Texas,. 383; 21 S. W. Rep., 525; 28 S. W. Rep., 151.

Verdicts must be responsive to the issues, and where they are sufficiently certain to show what the jury intended, and pass upon all the issues tried and substantially answer the interrogatories, it would stand, especially when it is not objected to before the jury is dismissed. Burton v. Anderson, 1 Texas, 93; Smith v. Johnson, 8 Texas, 418; Porter v.. Rummery, 10 Mass., 64; O'Humber v. People, 4 Ill., 351.

In view of the above considerations, and the authorities therein cited,. it is respectfully submitted that the judgment of the court below should. in all things be affirmed.

DAVIDSON, JUDGE.—The relator, a girl under 16 years of age, was. convicted of murder in the second degree, in the Fifty-fourth Judicial District, before the Honorable S. R. Scott, presiding judge thereof, and her punishment assessed by the verdict of the jury at imprisonment in the State reformatory. The judgment entered up on said verdict placed her confinement in the penitentiary, and not in the reformatory. For this reason, relator sued out a writ of habeas corpus before Judge Surratt, and upon the trial was remanded, and prosecutes her appeal to this court.

The judgment of the court recites "that it appearing to the court that there is no provision of law authorizing the commitment of females to the State reformatory, but, on the contrary, the law excludes them therefrom, and it further appearing to the court that the defendant is a female, it is therefore ordered, adjudged, and decreed by the court that she be punished by confinement in the State penitentiary for a term of five years, as has been determined by the jury," etc. This judgment was attacked upon the habeas corpus trial because of its alleged invalidity. If the judgment is void, the trial judge erred in not discharging relator. If not void, the action of the court was correct. If there is any error at all, it is to be found in the fact that the jury sent relator to the reformatory, and the judge entered up the judgment on such verdict, consigning her to the penitentiary. We think that this did not render the judgment void. The law does not authorize the incarceration of females in the State reformatory, but excludes them; and the fact that the jury stated in their verdict, as a place of punishment, the reformatory, does not change this law. And in this character of case,

the fact that the place of confinement was or was not stated, is wholly immaterial. If the defendant had been a boy under 16 years of age, and the punishment had been five years or less, then the fact that the jury sent him to the reformatory would not justify the court in entering up a judgment incarcerating him in the penitentiary, because in this supposed case the jury would have been justified and authorized to select the place of confinement, either the reformatory or the penitentiary, but not so with reference to female convicts; and the place of confinement stated by the jury in their verdict was not authorized, and was properly treated as surplusage. The jury would have no authority to violate the law, in designating a place of punishment prohibited by the law. The court could not have entered a judgment consigning relator to the reformatory, because not warranted by the law. See Ex Parte Creel, 29 Texas Crim. App., 439. In Ex Parte Wood, 36 Texas Criminal Reports, 7, the verdict of the jury failed to specify the place of confinement; finding a general verdict of guilty, and that defendant was under the age of 16 years. The judgment of the court was entered, sending the defendant in that case to the reformatory. The writ of habeas corpus in said case was resorted to for relief, and this court held that the writ would not lie. Judge Henderson filed a dissenting opinion upon some of the propositions involved in that case, but concurred with the opinion of the majority of the court that the writ of habeas corpus would not lie in such case. So far as this question is concerned, that case, we think, is conclusive of this. As to the question that the designation of the place of confinement may be disregarded in a case of this character, see Clemons v. State (Tenn. Sup.), 21 S. W. Rep., 525; Willard v. Com. (Ky.), 28 S. W. Rep., 151. So we are of the opinion that the judgment of the court was not void, that the writ of habeas corpus would not lie, and that the judgment of the lower court was correct.

*Affirmed.*