DONALD LEON RILEY, *alias* DONALD LEON OWENS V. STATE.

No. 30,904. October 28, 1959.

*Ralph Chambers,* and *King C. Haynie* (on appeal only), Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Alex Guevara, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is burglary; the punishment, 5 years.

The state's evidence shows that the prosecuting witness, Melton McLean, owned and operated a pharmacy located at 5723 Washington Avenue in the city of Houston. On the night in question the witness closed the place around 11 o'clock P.M. after checking to see that all doors and windows were closed. Later in the night, Sergeant John W. Biggs of the Houston Police Department, in response to a call, went to the pharmacy around 1 A.M. and upon arriving saw a person inside the building whom he positively identified as the appellant. As the sergeant attempted to enter the building the appellant left through

a side door carrying two gallon jugs. After setting the jugs down appellant started running but stopped upon the officer's command to halt. One of the jugs was shown to be full of paragoric and the other half full of Brown's mixture, both of which contained opium. A search of the appellant by officers who thereafter arrived at the scene revealed that he had a .32 Colt revolver and 7 boxes of hypodermic needles in his coat pockets. The revolver, hypodermic needles and the two gallon jugs were identified by the prosecuting witness as property which had been taken from the building. A safe which had been taken from the building was also found outside but had not been opened. An investigation of the premises revealed that entry into the building had been gained through a window by breaking the glass and knocking a hole in a sheet rock wall. The prosecuting witness testified that he had given no one consent to enter the building. As a result of a conversation with appellant the officers recovered a lug wrench which the appellant stated he used in gaining entrance to the building and also took possession of a pair of gloves which appellant stated he wore while committing the burglary.

As a witness in his own behalf appellant denied having burglarized the premises and explained his presence at the scene by testifying that he had just discovered the safe on the outside of the building and was preparing to notify the police when the officer arrived. Appellant denied that he had in his possession any of the articles as testified by the officers and stated that the articles were on top of the safe when he first discovered it outside the building.

The jury returned into court its verdict finding appellant guilty as charged and assessed his punishment "at confinement in the *State House of Corrections* for five years" (underscoring supplied). Upon such verdict the court entered judgment ordering that appellant be confined in the *State Penitentiary* for 5 years. Appellant insists that the verdict is void for uncertainty as to the place of confinement because Article 6166a-1, Vernon's C.S. Acts 1957, 55th Leg. p. 504, Ch. 242 made no change in the name of the place of confinement of a prisoner in this state and for such reason the verdict does not support the judgment entered by the court. While the name of the place of confinement of a prisoner in this state, designated in the statute as the penitentiary, has not been changed, we are unable to agree with appellant that the jury's verdict is void because it assesses his punishment at confinement in the State House of Corrections. It has been held that where the place of confinement stated in

the jury verdict is unauthorized it may be treated as surplusage, and judgment may be entered by the court specifying the proper place of confinement. Moore v. State, 7 Texas App. 14, Ex Parte Mathews, 38 Texas Cr. Rep. 617, 4 4S.W. 153, and Johnson v. State, 154 Texas Cr. Rep. 388, 227 S.W. 2d 824. The court's charge authorized the jury in the event they found appellant guilty to assess his punishment at confinement in the penitentiary. Under the jury's verdict finding appellant guilty, the court was authorized to assess his punishment at confinement in the state penitentiary.

Appellant made no objection to the court's charge but contends on appeal that the court committed fundamental error in his instruction to the jury with reference to arriving at a verdict by lot because it did not require the jury to first find appellant guilty beyond a reasonable doubt. The court instructed the jury "If you find the defendant guilty then you must not arrive at the punishment to be assessed by any lot or by putting down any figures and doing any dividing." The court's instruction was sufficient and proper under the rule announced in Winfrey v. State, 84 Texas Cr. Rep. 576, 209 S.W. 151.

By several informal bills of exception appellant complains of the action of state's counsel in attempting to show that he was a narcotic addict. On his cross-examination, appellant was questioned, over his objection, by state's counsel as to whether he was a narcotic addict and denied that he was a user of narcotics. Under the state's evidence showing appellant's possession of the hypodermic needles and the two gallon jugs containing a narcotic drug which were taken from the burglarized building such interrogation by state's counsel was permissable to show a motive of the appellant for the commission of the crime. See 18 Texas Jur. par. 37, page 73 and cases there cited.

Appellant's remaining contention is that the court erred in admitting in evidence his statement made to the officers while under arrest with reference to the pair of gloves which he stated he wore in committing the burglary. Such statement is shown to have been made in the same conversation with the officers which led to the recovery of the lug wrench which appellant stated he used in the burglary. Appellant's statement with reference to the gloves being a part of his oral confession which led to recovery of the instrument used in the commission of the offense was properly admitted under the rule which makes the entire oral confession admissible in evidence. Smith v. State, 166 Texas Cr. Rep. 614, 317 S.W. 2d 539.

Finding the evidence sufficient to support the conviction and no reversible error appearing; the judgment is affirmed.

Opinion approved by the Court.