JOHN N. HAYES V. STATE

No. 31,593. March 23, 1960

Motion for Rehearing Overruled May 4, 1960

*Alex P. Pope,* Tyler, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

This is an appeal from an order revoking probation and imposing sentence of two years for the felony offense of driving while intoxicated.

On January 2, 1958, appellant was convicted in the 114th Judicial District Court of Smith County upon a plea of guilty of the felony offense of driving while intoxicated and his punishment assessed at 2 year confinement in the penitentiary.

Execution of sentence was suspended and appellant was placed on probation upon certain terms and conditions, among them being that he should "(a) Commit no offense against the laws of this or any other state, or the United States."

Thereafter, on August 11, 1959, the state, through her district attorney, filed a motion to revoke the probation alleging as grounds therefor that on or about August 8, 1959, during the period of probation, the appellant committed the offense of driving while intoxicated and had been charged and arrested for said offense.

On September 12, 1959, after notice and hearing, the trial court entered his order revoking the probation upon a finding that appellant had violated the terms and conditions thereof.

From such order appellant prosecutes this appeal.

At the hearing two officers were called by the state who testified that on August 8, 1959, they stopped the appellant as he was driving a motor vehicle upon a public highway and that at such time appellant was intoxicated. Appellant did not testify but called a witness who testified appellant had been in his home for some four hours prior to his arrest and that during such time appellant had nothing to drink and appeared to possess his normal facilities.

Under the record the court did not abuse his discretion in revoking the probation.

Appellant insists that both the court's judgment and sentence are void because under the provisions thereof it was ordered that he be confined in the *Penitentiary of the State of Texas* and delivered by the sheriff to the *Manager of the Prison System of the State of Texas, or other person legally authorized to receive such convicts.* Appellant contends that such an order was unauthorized because of the change of the name of the Texas Prison System to the Texas Department of Corrections in 1957 by the enactment of Art. 6166a-1, V.R.C.S. by the 55th Legislature. Recently in Riley v. State, 168 Tex. Cr. R. 417, 328

S.W. 2d 306, we pointed out that Art. 6166a-1, supra, made no change in the name of the place of confinement of a prisoner in this state and upheld a judgment ordering that the accused be confined in the state penitentiary. We hold the judgment and sentence valid and overrule appellant's remaining contention that the sentence is void for uncertainty because of the provision that he be delivered to the manager of the Prison System "or other person legally authorized to receive such convicts."

Appellant's complaints to the court's rulings on the admissibility of certain evidence have been considered and do not present error.

The judgment is affirmed.

Opinion approved by the Court.