Ralph Antonio **COURET**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 987–89.

Court of Criminal Appeals of Texas, En Banc.

June 27, 1990.

John H. Hagler, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty., and Teresa Tolle, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of burglary of a building. After finding that appellant had once before been convicted of a felony,

the jury assessed punishment at confinement for forty (40) years. The Court of Appeals affirmed the conviction. *State v. Couret*, No. 05–88–00668–CR (Tex.App.—Dallas, delivered April 19, 1989). We granted appellant's petition for discretionary review to examine the Court of Appeals' determination that admission of a hypodermic needle found in appellant's possession at the time of his arrest was proper.

We borrow liberally from the Court of Appeals' rendition of the facts. On December 27, 1987, at 6:00 a.m., two Dallas police officers responded to a silent burglar alarm call at a warehouse. The officers found that a back door of the warehouse had been pried open. When backup officers arrived, the police entered the warehouse. Appellant was found hiding behind a pile of wood. The officers arrested him and searched him. The officers found a hypodermic needle in appellant's pocket. Later, they also found a crowbar and a screwdriver inside the building, which the warehouse manager testified were not property of the warehouse. A soft drink machine inside the warehouse was damaged.

During trial appellant objected to testimony regarding the hypodermic needle as "going into any kind of extraneous things." The State responded that this information was "res gestae of this arrest. . . . It's an offense contemporaneous with this arrest." The trial court overruled the objection.

The Court of Appeals relied upon *Maddox v. State*, 682 S.W.2d 563 (Tex.Cr.App. 1985), and upheld the admission of the testimony as showing the context of the criminal offense because the arrest was contemporaneous with the commission of the offense.

The general rule is that an accused is entitled to be tried for the offense for which he is charged and not for some collateral crime or for being a criminal generally. *Maynard v. State*, 685 S.W.2d 60 (Tex.Cr.App.1985), and cases cited therein. Exceptions to this rule allow extraneous matters to be admitted if the extraneous matter is relevant to a material issue

and the relevancy value outweighs the prejudicial potential. See *Morgan v. State*, 692 S.W.2d 877 (Tex.Cr.App.1985), *Williams v. State*, 662 S.W.2d 344 (Tex.Cr.App.1983), and *Albrecht v. State*, 486 S.W.2d 97 (Tex. Cr.App.1972). A related rule that has often been stated by this Court is that the State is entitled to show the circumstances surrounding *an arrest. Maddox*, supra; *Hernandez v. State*, 484 S.W.2d 754 (Tex. Cr.App.1972). However, this rule is restricted by the same test as any extraneous matter, that is, the evidence must be relevant to a material issue in the case and the probative value must outweigh the prejudicial value. Therefore, to simply state that something is admissible merely because it is a circumstance of the arrest is too broad a statement. In *Hernandez*, this Court stated the rule and added an illustrative footnote, noting that because the defendant in *Hernandez* was charged and convicted of unlawful possession of a narcotic drug, the recovery of a stolen television during the search and arrest of the defendant *at the time of the commission of the offense* was inadmissible since it did not relate to proving that the defendant possessed heroin. *Hernandez*, 484 S.W.2d at 755, n. 2.

Similarly, in *Powell v. State*, 478 S.W.2d 95 (Tex.Cr.App.1972) a defendant was arrested for theft, committed the day before the arrest. After stating the general rule barring the admission of extraneous offenses, but noting the exception for "context of the offense," we held that an officer's testimony concerning the appearance of fresh needle tracks on the defendant's arm at the time of arrest was inadmissible. The State's theory that these tracks showed motive for the theft because appellant needed money to support his narcotic habit was too speculative. Cf. *Riley v. State*, 168 Tex.Crim. 417, 328 S.W.2d 306 (1959) in which a defendant took drugs and hypodermic needles in a burglary.

In *Cunningham v. State*, 500 S.W.2d 820 (Tex.Cr.App.1973), the defendant was charged and convicted of robbery by assault. The robbers had used pistols in the commission of the offense. The defendant

was arrested a short time after the robbery and, in addition to the pistols, a shot-gun was recovered. This Court cited and quoted from *Hernandez* and held that admission of the shot-gun was error because it had no connection to the robbery. See also *Stanley v. State*, 606 S.W.2d 918 (Tex.Cr. App.1980) and *Maynard*, supra. But cf. *Ross v. State*, 169 Tex.Crim. 313, 334 S.W.2d 174 (1960), decided before *Hernandez*.

In *Maddox*, relied upon by the Court of Appeals, an undercover officer bought methamphetamine from the defendant who was sitting in his truck and who handed the contraband to a cohort to give to the officer. The defendant was immediately arrested and a rifle was seized from the floorboard of the pickup truck in which he had been seated. This Court held that the rifle was admissible because it "was shown to have been directly connected with, and contemporaneous to, and inseparable from the arrest of the appellant." This language, taken by itself, flies in the face of *Hernandez* and the general relevancy requirement for extraneous matters. However, although the majority in *Maddox* does not so state, the arguable implication from the facts and from the concurring opinion is that the rifle was admissible to show the context of the *offense* because during the drug transaction the defendant possessed a weapon, whether the weapon was for protection or threat or security during the offense. Where possession of a weapon is involved when an offense is committed, such fact is usually relevant as a circumstance of the offense because arguably the weapon is intended by the defendant to be used, exhibited, or simply possessed for protection or threat during the offense. To interpret the statement in *Maddox* literally would mean that anything recovered during an *arrest* would be admissible, regardless of its lack of connection to the charged offense. For example, if the defendant in *Maddox* possessed pornographic magazines when he was arrested, they would be admissible in a prosecution for delivery of methamphetamine. This is certainly not permissible under the law governing admission of extraneous matters. See *Hernandez*, 484 S.W.2d at 755, n. 2. When an arrest is made during or immediately after the commission of an offense, the "context of the offense" rationale usually permits admission of matters pertaining to the arrest, including a defendant's acts and possessions, because such matters set the stage for the events of the offense and aid the jury's comprehension of the whole criminal transaction. See *Maddox*, 682 S.W.2d at 566 (concurring opinion, Clinton, J.). But, those extraneous matters must still meet the extraneous offense test, which includes that they be relevant to the offense. See generally, Tx.R. Crim.Evid. art. IV.

In the instant case, appellant was arrested during the commission of a burglary of a building. Extraneous matters which occurred during this arrest which were relevant to place the offense in a proper setting and to show the jury the whole transaction would certainly be admissible to show the context of the offense. But, possession of a hypodermic needle does not meet this test. There is no suggestion or indication that appellant burglarized the warehouse to obtain money or property to support a drug habit. Cf. *Riley*, supra, and *Powell*, supra. Despite the broad language in *Maddox* the mere fact that possession of the hypodermic needle was contemporaneous with the *arrest* does not permit admission. Since there is nothing to show any relevance to the context of the offense or to any other issue in the case, the evidence of appellant's possession of the hypodermic needle should not have been admitted.

Having determined that evidence of appellant's possession of the hypodermic needle should not have been admitted, we reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals to decide whether such evidence was harmful to appellant. See Tex.R.App.Pro. 81(b)(2).