IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-620-CR




JESSIE OWENS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0921887, HONORABLE BOB JONES, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated assault and assessed punishment at
imprisonment for twenty years. Tex. Penal Code Ann. § 22.02 (West 1989 & Supp. 1993). We
will affirm.

 On the night of March 1, 1992, Joseph Gonzales, his wife, and three friends were
driving on Airport Boulevard in Austin. At a traffic light, a blue Cadillac occupied by four young
men pulled up beside Gonzales's car. When the light changed, the Cadillac passed Gonzales, then
slowed and got behind the Gonzales automobile. Gonzales heard gunfire. He looked in his rear
view mirror and saw appellant hanging out the front passenger window of the Cadillac holding
a firearm with a clip, like an automatic weapon. Shots were then fired at Gonzales's car. Three
bullets struck the car, and one struck Gonzales in the neck. 

 In his first two points of error, appellant contends the district court erred by
admitting in evidence three pistols found in appellant's bedroom during a search of the apartment
he shared with three other persons. Appellant argues that these pistols, two .38 caliber revolvers
and a .45 caliber revolver, were irrelevant to this cause and, alternatively, that the probative value
of the pistols was substantially outweighed by the danger of unfair prejudice. Tex. R. Crim.
Evid. 402, 403. Appellant notes that the State's firearms expert testified that the bullet fragment
recovered from Gonzales's car was not fired from one of these pistols. (1) Appellant urges that in
the absence of any evidence showing that they were connected to the offense charged, the pistols
should not have been admitted. See Couret v. State, 792 S.W.2d 106 (Tex. Crim. App. 1990); 
Maddox v. State, 682 S.W.2d 563 (Tex. Crim. App. 1985); Stanley v. State, 606 S.W.2d 918
(Tex. Crim. App. 1980); Cunningham v. State, 500 S.W.2d 820 (Tex. Crim. App. 1973). The
State replies that the pistols were relevant because they demonstrated appellant's access to guns
and because they tended to show that appellant was a member of a criminal street gang. (2)

 Although appellant objected to the admission of the pistols as exhibits, he did not
object to the testimony of two Austin police officers who described the pistols and their discovery
in appellant's bedroom. Appellant's failure to object to this testimony either waived any error in
the admission of the pistols or rendered the error harmless beyond a reasonable doubt. Tex. R.
App. P. 52(a), 81(b)(2). Points of error one and two are overruled.

 Appellant's third point of error complains of the admission of hearsay testimony. 
One of the officers who investigated the assault on Gonzales testified that a few days after the
shooting he received "some information on a partial license plate." Over appellant's hearsay
objection, the officer was permitted to testify that the partial number was EPT 83. Appellant
argues that the license number was hearsay, and its admission harmed him because it linked his
car to the shooting.

 Hearsay is a statement offered in evidence to prove the truth of the matter stated. 
Tex. R. Crim. Evid. 801(d). The license number of the blue Cadillac, which was not shown to
belong to appellant, was not an issue in this cause. (3) The testimony in question was admissible to
show that the information was received by the officer in the course of his investigation. Thus,
the testimony was not hearsay. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 6, 1993

Do Not Publish
1. The bullet that struck Gonzales lodged near his spinal column, and doctors decided that
leaving it there was safer than attempting to remove it. Thus, it was impossible to determine if
the bullet that struck Gonzales was fired by one of the pistols in question. 
2. Count one of the indictment, which was abandoned by the State at the close of evidence,
accused appellant of assaulting Gonzales while acting as a member of a criminal street gang. Tex.
Penal Code Ann. § 71.02 (West Supp. 1993). Appellant was convicted of aggravated assault as
a lesser included offense of attempted murder, the offense charged in the second count of the
indictment.
3. Two photographs of the blue Cadillac were introduced in evidence. They show the license
plate number to be FPT 87S.