# NO. 12-94-00090-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL EARL LEE, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

*PER CURIAM*

This is an appeal from a conviction for aggravated robbery. The case was tried before a jury in the 114th Judicial District Court of Smith County, Texas. The jury found Appellant guilty as charged and the court sentenced him to 30 years confinement in the Texas Department of Criminal Justice - Institutional Division and assessed a fine of $5,000.00.

The pertinent facts of this case are that on February 19, 1993, Donald Nelson was approached at the Twelve Oaks Motel in Tyler, Texas by a person wearing coveralls and a black ski mask over his face. This person, using a handgun, robbed Nelson of his money and his vehicle. At the trial, a co-defendant and accomplice, Deodato Dorsey, testified to the circumstances of the robbery and identified Appellant as the person who robbed Nelson. Dorsey also testified to another robbery on February 14, 1993 by the Appellant. This was corroborated by the testimony of Jeremy Bussell and Tracy Mesdall who were robbed by Appellant five days earlier at the same location under similar circumstances and in the same get-a-way car.

Appellant raises one single point of error alleging the trial court erred in allowing

testimony of the extraneous offense into evidence.

In our system of criminal justice it is fundamental that an individual is not tried as a criminal generally, but only for the offense in which he is charged. *Couret v. State*, 792 S.W.2d 106 (Tex. Cr. App. 1990). However, evidence of extraneous offenses may be admissible to establish the identity of the person. TEX. R. CRIM. EVID. 404(b); *Albrecht v. State*, 486 S.W.2d 97 (Tex. Cr. App. 1992); *Green v. State*, 831 S.W.2d 89 (Tex. App. - Corpus Christi 1992, no pet.).

Evidence of such offenses may be admitted if they are relevant to a material issue, unless the probative value of that evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *Montgomery v. State*, 810 S.W.2d 372, 387-89 (Tex. Cr. App. 1990); *Green*, at 90. Here, the trial court weighed the prejudicial effect against the probative value and limited the evidence for purposes of identity only.

The determination of the trial court should not be disturbed on appeal unless there is an abuse of discretion. *Templin v. State*, 711 S.W.2d 30, 33 (Tex. Cr. App. 1986). We hold that there was no abuse of discretion.

The State, prior to trial, filed a Notice of Intent to use extraneous offenses during its case in chief. Appellant filed a Motion in Limine regarding the use of extraneous offenses by the State. The trial court denied Appellant's motion. Defense counsel objected to the evidence of the extraneous offense at the time the State attempted to offer it. The trial court overruled the objection, however, the judge made it clear that the evidence would be allowed only for the limited purpose of identification. The victim, Nelson, could not identify the robber since he was wearing a ski mask. Co-defendant, Dorsey, identified Appellant as having committed the aggravated robbery of Nelson as well as the aggravated robbery of Bussell five days earlier. Bussell corroborated this testimony by identifying Appellant as the man who robbed him at the same location by similar means. Appellant's sole point of error is overruled.

The judgment of the trial court is **affirmed**.

Opinion delivered March 31, 1995.

NOT PUBLISHED



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 31, 1995

## NO. 12-94-00090-CR

### SAMUEL EARL LEE, JR.,
Appellant

### V.

### THE STATE OF TEXAS,
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 4-93-1229)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed and that this decision be certified to the court below for observance.

By per curiam opinion.