NUMBER 13-06-00013-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


LUTHER FRANKLIN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 130th District Court of Matagorda County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 A jury convicted appellant, Luther Franklin, of assault on a public servant. See Tex.
Penal. Code Ann. § 22.01(a), (b)(1) (Vernon Supp. 2006). The trial court found true the
enhancement allegations of two prior convictions - robbery and burglary of a habitation -
and assessed punishment at 30 years in prison. On appeal, Franklin contends he received
ineffective assistance of counsel. We affirm. (1) 

I. Ineffective Assistance of Counsel 

 In his second and third points of error, (2) appellant contends that his retained counsel
fell below the standard of effective representation and, therefore, denied him his right to
effective assistance of counsel. We disagree. 

A. Standard of Review 

 We review a claim of ineffective assistance by conducting an inquiry as set out by
the Supreme Court in Strickland. Appellant must show that counsel's performance was
deficient and that this deficient performance prejudiced his defense. Strickland v.
Washington, 466 U.S. 668, 687 (1984); Mallet v. State, 65 S.W.3d 59, 62-63 (Tex. Crim.
App. 2001). Judicial scrutiny of counsel's performance must be highly deferential, making
every effort to eliminate the distorting effects of hindsight, and indulging a strong
presumption that counsel's conduct falls within the wide range of professional assistance. 
Strickland, 466 U.S. at 695. In order to defeat this strong presumption of reasonable
assistance, any allegations of ineffectiveness must be firmly founded in the record. (3) Mallet,
65 S.W.3d at 63. Furthermore, appellant must affirmatively prove that counsel's
unprofessional actions or omissions prejudiced the defense and that there is a reasonable
probability that, without these errors, a different outcome would have resulted. Strickland,
466 U.S. at 693-94; Mallet, 65 S.W.3d at 62-63. 

B. Analysis 

 Appellant first contends that his trial counsel was ineffective because he failed to
prepare for trial or provide the most basic defenses to appellant. Specifically, appellant
asserts that his counsel was ineffective because he: (1) failed to discover witnesses, (2)
failed to review appellant's prior medical history, (3) failed to conduct an adequate voir dire,
and (4) failed to timely object to the introduction of alleged extraneous conduct.

1. Failure to Discover Witnesses 

 In order to have a firm command of the facts of a client's case, counsel has a
responsibility to seek out and interview potential witnesses. See Ex parte Welborn, 785
S.W.2d 391, 394 (Tex. Crim. App. 1990). Counsel's failure to seek out and interview
witnesses, where the consequence is that the only defense available to the defendant is
neglected, constitutes ineffective assistance of counsel. Henson v. State, 915 S.W.2d 186,
196 (Tex. App.-Corpus Christi 1996, no pet.). However, an attorney's failure to present
witnesses will not support an ineffective assistance claim if the defendant fails to show that
the witnesses were available and that their testimony would have benefitted the defendant. 
Ex parte McFarland, 163 S.W.3d 743, 748 n.48 (Tex. Crim. App. 2005). 

 Appellant contends that his trial counsel failed to subpoena or meet with any
potential witnesses and thus provided ineffective assistance. At the hearing on appellant's
motion for new trial, his trial counsel testified that in preparation for trial he repeatedly met
with appellant, reviewed offense reports, prepared motions, prepared for direct and cross
examination, and visited the crime scene on at least one occasion. Trial counsel also
testified that he never attempted to discover witnesses; however, he emphasized that
appellant was consistent in denying that he ever hit the police officer. Having reviewed the
photographs of the assaulted officer, trial counsel testified that he mentioned to appellant
that it would be difficult to prove that the assault did not occur. Nothing in the record
indicates that trial counsel was provided with names of witnesses who could testify to the
actual incident. Indeed, appellant has failed to identify any witness, present any evidence
that any witness was available to testify, or that their testimony might have aided in his
defense. 

 In order to rebut the strong presumption that counsel provided reasonable
professional assistance, appellant is required to prove any such failure by a preponderance
of the evidence. Castellano v. State, 49 S.W.3d 566, 573 (Tex. App.-Corpus Christi 2001,
pet. ref'd). Appellant has failed to meet this burden. See Rangel v. State, 972 S.W.2d
827, 838 (Tex. App.-Corpus Christi 1998, pet. ref'd) (noting that the record failed to
establish the availability of beneficial witnesses without supporting affidavits, which were
excluded because not timely filed.). 

2. Failure to Review Appellant's Prior Medical History 

 Appellant further asserts that there is no evidence trial counsel attempted to review
medical records regarding appellant's medication or interview appellant's physician. 
Specifically, appellant contends that trial counsel could have explored the mitigating effect
of appellant's pre-existing mental condition of paranoid schizophrenia by offering
supporting expert medical testimony, along with appropriate argument. 

 At the hearing on appellant's motion for new trial, trial counsel testified that appellant
consistently denied ever hitting the police officer, thoroughly described what occurred on
the night in question, and actively participated in his defense. Thus, according to trial
counsel, appellant's sanity at the time the offense occurred was never in question. 
Furthermore, the record indicates that trial counsel filed a pretrial motion to have appellant
evaluated by a psychiatrist on the issue of competence, which the trial court granted. A
medical report was issued whereby appellant was deemed competent to stand trial. We
note that the finding of competency was made in light of appellant's past medical history. 
Moreover, the record indicates that at the punishment phase of trial, trial counsel called
appellant's sister to testify about appellant's medical condition. Thus, the trial court was
fully aware of the history and severity of appellant's mental illness. 

 Given all of the evidence in the record, the course of action undertaken by
appellant's attorney was certainly within the wide range of effective assistance of counsel. 
See Lewis v. State, 215 S.W.3d 428, 431 (Tex. App.-Tyler 2006, pet. ref'd). Trial counsel
was aware of the potential health issues in this case, enough so that he sought and
received an order granting an examination regarding competency. Moreover, nothing in
the record indicates that appellant's sanity at the time the offense occurred was ever in
question. Without more, the presumption that counsel made reasonable strategic choices
prevails. Id. 

3. Meaningful Voir Dire

 Appellant next attacks the adequacy of trial counsel's voir dire. Specifically,
appellant complains that trial counsel's voir dire was inadequate because it was cursory,
consisting of four questions only. A brief voir dire is not automatically an ineffective one. 
Jackson v. State, 491 S.W.2d 155, 156 (Tex. Crim. App. 1973). Furthermore, topics
covered by the trial court or prosecutor need not be repeated. See Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (setting out that a brief voir dire can be a
legitimate trial strategy because counsel does not want to appear repetitious or wasteful
of the jury's time). 

 We first note that appellant failed to develop this issue at the hearing on appellant's
motion for new trial. Generally, a silent record which provides no explanation for counsel's
actions will not overcome the strong presumption for reasonable assistance. See Rylander
v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). Here, the record is silent with
respect to the reasons for counsel's actions. Under these circumstances, we cannot
conclude there is no possible basis in strategy or tactics for counsel's actions. Further,
even if we were to assume that defense counsel's performance during voir dire fell below
an objective standard of reasonableness, appellant has not demonstrated how the result
of the trial would have been different if defense counsel had conducted a more extensive
voir dire. That failure precludes relief. Holdberg v. State, 38 S.W.3d 137, 141 (Tex. Crim.
App. 2001). 

4. Extraneous Conduct

 Finally, appellant contends that he received ineffective assistance of counsel
because his counsel failed to object to the extraneous offenses presented during the
guilt/innocence phase of trial. Specifically, appellant contends that the admission of
testimony regarding drug paraphernalia found on appellant's person, as well as testimony
placing appellant at a "distribution house of narcotics" constituted inadmissible character
evidence. The record indicates that trial counsel did not object to this testimony as
extraneous acts evidence nor as unfairly prejudicial under rule 403. Tex. R. Evid. 403. 
The State argues that such evidence was admissible "contextual" evidence under Couret
v. State, 792 S.W.2d 106, 107 (Tex. Crim. App. 1990) (en banc). 

 The rules of evidence prohibit evidence of extraneous bad acts to prove the
defendant's character in order to show action in conformity therewith. Tex. R. Evid. 404(b).
Although the State may show circumstances surrounding an arrest, the extraneous matters
must be relevant to the arrest. See Couret, 792 S.W.2d at 107; see also Tex. R. Evid.
404(a). At the hearing on appellant's motion for new trial, trial counsel admitted that the
relevancy of drug paraphernalia in an assault case would be questionable. However, the
record is devoid of evidence regarding counsel's reasons or strategy concerning his failure
to object. By not seeking those explanations, appellant has failed to overcome the
presumption that the challenged actions were sound trial strategy. See Bone, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002); Ex parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App.
2001) (en banc) (refusing to deem counsel's failure to seek a limiting instruction ineffective
assistance without providing counsel the opportunity to defend or explain his actions). 
Even assuming that the officer's testimony regarding the drug paraphernalia was
improperly introduced, appellant has failed to demonstrate how the result of the trial would
have been different if the extraneous matters were properly excluded; that failure
precludes relief. Holdberg, 38 S.W.3d at 141. 

 Appellant has failed to show, in any of his ineffective-assistance allegations, that
counsel's performance was deficient and that this deficient performance prejudiced his
defense. See Strickland, 466 U.S. at 692, Mallet, 65 S.W.3d at 62-63. Appellant's second
and third points of error are overruled. 

II. Conclusion

 Accordingly, we affirm the judgment of the trial court. 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 2nd day of August, 2007.


 


1. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here
except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.
2. Appellate counsel further argued that although the record contained a signed order granting appellant's motion
for examination regarding competency, error occurred in that there was no record indicating the outcome of the order
issued by the trial court. However, attached to the supplemental clerk's record filed with this Court on April 13, 2007
was a medical report issued by Milton Williams, M.D. The report indicates that appellant underwent a psychiatric
examination on August 29, 2005, and was deemed competent to stand trial. Thus, appellant's first point of error is moot. 
 
3. The record here indicates that appellate counsel filed an appellate brief with this Court on July 21, 2006. On
July 24, appellate counsel then filed a motion abate so than an out-of-time motion for new trial could be filed with the
trial court. This Court granted the motion to abate on October 5, 2006. Appellant's motion for new trial was filed on
November 2, where he alleged ineffective assistance of counsel. Appellant's motion for new trial was denied on
December 19. A supplemental record of the hearing for the motion for new trial was filed with this Court on April 13,
2007. The record of that hearing indicates that appellant's trial counsel was the only witness to testify. No amended brief
has been filed.