NO. 07-11-0083-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MAY
2, 2011

 



 

RONALD LYNN WADSWORTH,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE COUNTY CRIMINAL COURT NO. 4 OF
DALLAS COUNTY;

 

NO. MB0934577-E; HONORABLE TERESA
TOLLE, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Ronald Lynn
Wadsworth was convicted after a bench trial of evading arrest and sentenced to
sixty days confinement in the county jail. He contends the evidence is legally
insufficient to sustain that conviction and that the trial court erred in
admitting evidence of a syringe found in his pocket.  We affirm the judgment. 

            Legal Sufficiency

            We review
the legal sufficiency of the evidence under the standard discussed in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Next,
the State was required to prove that appellant intentionally fled from a person
he knew was a peace officer attempting lawfully to arrest or detain him.  See Tex. Penal Code Ann. §38.03(a) (Vernon
2003).  Appellant argues that the
attempted detention or arrest was unlawful because there was no reasonable
suspicion that he had been, was, or soon would be engaged in criminal activity.  

            The record shows that the officers had
the following information before chasing and detaining appellant.  First, a vehicle was seen driving around the
neighborhood multiple times.  Second,
that same vehicle parked in the driveway of a vacant house.  Third, two men exited the vehicle.  Fourth, the front door of the house was
unlocked but nonetheless barricaded by furniture.  Fifth, the sliding door on the back of the vacant
house was open.  Sixth, one man was
exiting the back door.  Seventh, that man
initially attempted to deceive the officers by telling them that he was there
alone, contrary to what the officers had already been told.  Eighth, the same person represented that he
was there simply to obtain tires from the backyard, which story failed to
explain why he was in the house.  Ninth,
after eventually being told by the first detainee that there was indeed someone
else in the house (appellant), appellant ignored an officer’s directive to come
out.  Tenth, rather than reply, appellant
fled the scene and refused to stop until caught by the police.  Viewed in their totality, the circumstances were
enough to provide an officer reasonable suspicion to believe that criminal
activity was afoot so as to justify appellant’s detention.  We have here evidence of conduct akin to
casing a neighborhood, a visitation to a known vacant house by those casing the
neighborhood, a barricaded front door to a vacant house, an open rear door to a
vacant house, misrepresentations uttered or attempts at deception engaged in by
appellant’s colleague, and flight on the part of appellant.  See
Hernandez v. State, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997) (stating
that evidence of flight and other guilty demeanor may tend to connect a
defendant with a crime).  The first issue
is overruled.

Admission of
Evidence

            Appellant
also complains of the admission into evidence of testimony by an officer that a
hypodermic needle was found in his pocket. 
He objected to the evidence as irrelevant and a violation of Texas Rules
of Evidence 403 and 404.[1]  However, he did not object to the same
officer testifying that a “small narcotics baggie” was also found on him at the
scene.  We overrule the issue.

            We review
the trial court’s ruling under the standard of abused discretion. Walters v. State, 247 S.W.3d 204, 217
(Tex. Crim. App. 2007). Next, evidence of extraneous offenses may be admitted
for the limited purpose of proving motive. 
Tex. R. Evid. 404(b).  For example, admitting it to establish an
accused’s motive for evading arrest has been held permissible.  See
e.g. Guerra v. State, No. 07-09-0238-CR, 2010 Tex. App. Lexis 5655, at *16 (Tex. App.–Amarillo July 19, 2010, pet. denied) (so stating); West v. State, No. 05-04-01218-CR & No. 05-04-01219-CR, 2005
Tex. App. Lexis 6495, at *5 (Tex.
App.–Dallas August 16, 2005, no pet.) (finding no abuse of discretion in
allowing evidence of false identification documents found in the defendant’s
vehicle to prove the defendant’s motive in evading arrest).[2]  And, at the very least, whether appellant’s
possession of a syringe and narcotics serves to make it more likely than not
that he intentionally fled from a policeman falls within the zone of reasonable
disagreement.   Thus, we cannot say that
the trial court’s decision to admit the evidence constituted an abuse of
discretion.  

            The judgment
is affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do not publish.











[1]Appellant
does not discuss either Rule 403 or 404 on appeal.  Thus, we do not consider them as potential
grounds for reversal.





[2]Compare
Couret v. State, 792 S.W.2d 106 (Tex.
Crim. App. 1990), a case cited by appellant, in which the defendant was charged
with burglary, and the court held evidence that he had a needle in his pocket
inadmissible because there was no suggestion that he committed burglary to
support a drug habit.