NO. 07-11-0083-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 2, 2011

RONALD LYNN WADSWORTH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE COUNTY CRIMINAL COURT NO. 4 OF DALLAS COUNTY;

NO. MB0934577-E; HONORABLE TERESA TOLLE, PRESIDING

***Memorandum Opinion***

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Ronald Lynn Wadsworth was convicted after a bench trial of evading arrest and sentenced to sixty days confinement in the county jail. He contends the evidence is legally insufficient to sustain that conviction and that the trial court erred in admitting evidence of a syringe found in his pocket. We affirm the judgment.

*Legal Sufficiency*

We review the legal sufficiency of the evidence under the standard discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Next, the

State was required to prove that appellant intentionally fled from a person he knew was a peace officer attempting lawfully to arrest or detain him. *See* TEX. PENAL CODE ANN. §38.03(a) (Vernon 2003). Appellant argues that the attempted detention or arrest was unlawful because there was no reasonable suspicion that he had been, was, or soon would be engaged in criminal activity.

The record shows that the officers had the following information before chasing and detaining appellant. First, a vehicle was seen driving around the neighborhood multiple times. Second, that same vehicle parked in the driveway of a vacant house. Third, two men exited the vehicle. Fourth, the front door of the house was unlocked but nonetheless barricaded by furniture. Fifth, the sliding door on the back of the vacant house was open. Sixth, one man was exiting the back door. Seventh, that man initially attempted to deceive the officers by telling them that he was there alone, contrary to what the officers had already been told. Eighth, the same person represented that he was there simply to obtain tires from the backyard, which story failed to explain why he was in the house. Ninth, after eventually being told by the first detainee that there was indeed someone else in the house (appellant), appellant ignored an officer's directive to come out. Tenth, rather than reply, appellant fled the scene and refused to stop until caught by the police. Viewed in their totality, the circumstances were enough to provide an officer reasonable suspicion to believe that criminal activity was afoot so as to justify appellant's detention. We have here evidence of conduct akin to casing a neighborhood, a visitation to a known vacant house by those casing the neighborhood, a barricaded front door to a vacant house, an open rear door to a vacant house, misrepresentations uttered or attempts at deception engaged in by appellant's

2

colleague, and flight on the part of appellant.  *See Hernandez v. State,* 939 S.W.2d 173, 178 (Tex. Crim. App. 1997) (stating that evidence of flight and other guilty demeanor may tend to connect a defendant with a crime).  The first issue is overruled.

*Admission of Evidence*

Appellant also complains of the admission into evidence of testimony by an officer that a hypodermic needle was found in his pocket.  He objected to the evidence as irrelevant and a violation of Texas Rules of Evidence 403 and 404.[1]  However, he did not object to the same officer testifying that a "small narcotics baggie" was also found on him at the scene.  We overrule the issue.

We review the trial court's ruling under the standard of abused discretion. *Walters v. State,* 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Next, evidence of extraneous offenses may be admitted for the limited purpose of proving motive.  TEX. R. EVID. 404(b).  For example, admitting it to establish an accused's motive for evading arrest has been held permissible.  *See e.g. Guerra v. State,* No. 07-09-0238-CR, 2010 Tex. App. LEXIS 5655, at *16 (Tex. App.–Amarillo July 19, 2010, pet. denied) (so stating); *West v. State,* No. 05-04-01218-CR & No. 05-04-01219-CR, 2005 Tex. App. LEXIS 6495, at *5 (Tex. App.–Dallas August 16, 2005, no pet.) (finding no abuse of discretion in allowing evidence of false identification documents found in the defendant's vehicle to prove the defendant's motive in evading arrest).[2]  And, at the very least,

---

[1]Appellant does not discuss either Rule 403 or 404 on appeal.  Thus, we do not consider them as potential grounds for reversal.

[2]Compare *Couret v. State,* 792 S.W.2d 106 (Tex. Crim. App. 1990), a case cited by appellant, in which the defendant was charged with burglary, and the court held evidence that he had a needle in his pocket inadmissible because there was no suggestion that he committed burglary to support a drug habit.

3

whether appellant's possession of a syringe and narcotics serves to make it more likely than not that he intentionally fled from a policeman falls within the zone of reasonable disagreement. Thus, we cannot say that the trial court's decision to admit the evidence constituted an abuse of discretion.

The judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.