Francisco Hernandez **HERNANDEZ,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45155.

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied Oct. 11, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. Punishment was assessed at life.[1]

1. See companion cases: Valdez v. State, Tex.Cr.App., 481 S.W.2d 904 (1972); Martinez v. State, Tex.Cr.App., 473 S.W. 2d 520; and Valdez v. State, Tex.Cr. App., 472 S.W.2d 754.

Initially, appellant complains of "extraneous criminal acts introduced against him."

By this ground of error the appellant complains of the introduction of quantities of heroin and various pieces of narcotics paraphernalia that were recovered by the officers at the time and place of the arrest and search. More specifically, he contends that such evidence was inadmissible as it tended to show extraneous offenses.

The record reflects that Dallas Police Officers, armed with a search warrant, went to a residence in that city. During the course of that search, the officers found two persons packaging heroin in the kitchen and three persons, one of whom was appellant, in the bathroom. One man was kneeling next to the toilet with a "tie-off rag" on his arm and a hypodermic syringe in his hand. Appellant and a woman threw capsules of heroin to the floor as the officers entered. Testimony concerning the activities of these other persons was admitted over appellant's objection.

This court has consistently held that the state is entitled to prove the circumstances surrounding the arrest. See Jones v. State, Tex.Cr.App., 471 S.W.2d 413, and cases cited therein. An exception to this rule is where the evidence is inherently prejudicial and has no relevance to any issue in the case.[2] A decision as to the admissibility of such evidence lies within the discretion of the trial judge, and this court will not reverse unless a clear abuse of discretion is shown. See generally, Lanham v. State, Tex.Cr.App., 474 S. W.2d 197.

Where an accused is charged with the unlawful possession of a narcotic drug, the state must prove: (1) that he exercised care, control, and management over a narcotic drug, and (2) that he knew the object he possessed was a narcotic drug. E. g., Payne v. State, 480 S.W.2d 732 (1972); Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Rodriguez v. State, Tex. Cr.App., 372 S.W.2d 541. Testimony concerning the activities of the other persons in the house, two of whom were packaging heroin, one of whom was preparing to use heroin, and one of whom was holding heroin in her hand, is admissible to show that appellant knowingly possessed a narcotic drug. Martinez v. State, Tex.Cr.App., 473 S.W.2d 520; Valdez v. State, Tex.Cr.App., 472 S.W.2d 754. No error is shown.

Next, appellant asserts that "the trial court erred when it failed to grant appellant's objection to the charge of the court in that said charge nowhere instructed the jury on the law of extraneous offenses."

This ground of error is also directed toward the testimony concerning the offenses committed by the other persons who were arrested with appellant, not with any other offense which was committed by appellant. Under these circumstances, a charge on the law of extraneous offenses is not required.

Finally, appellant attacks the sufficiency of the search warrant affidavit. Such instrument does not appear in the record. Therefore, there is nothing presented for review. Mullane v. State, Tex.Cr.App., 475 S.W.2d 924; Fausett v. State, Tex.Cr.App., 468 S.W.2d 92.

There being no reversible error, the judgment is affirmed.

2. A good example of how these rules should be applied can be found in the instant case. The trial court sustained appellant's objections to testimony concerning the recovery of a stolen television during the search. Even though such testimony concerned facts surrounding the search and arrest of appellant, it did not relate to proving that he possessed the heroin in question and could only be used to prejudice consideration of whether appellant committed the crime charged. See, Powell v. State, Tex.Cr.App., 478 S.W. 2d 95.