TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00625-CR







Jessie Lee Tatom, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 50,795, HONORABLE JOE CARROLL, JUDGE PRESIDING








 A jury convicted appellant Jessie Lee Tatom for possession of a controlled substance
amounting to more than four grams and less than two hundred grams. See Tex. Health & Safety
Code Ann. §§ 481.102(6), .115(d) (West Supp. 2001). Tatom elected to have the trial court assess
punishment and was sentenced to ten years' confinement in the Institutional Division of the Texas
Department of Criminal Justice. By three issues presented, Tatom appeals the conviction, arguing
that: (1) the trial court erred in admitting extraneous offense evidence; (2) the evidence was legally
insufficient to support the jury's verdict that Tatom possessed more than four grams of
methamphetamine; and (3) Tatom received ineffective assistance of counsel. Finding no reversible
error, we overrule the issues and affirm the judgment of conviction.



DISCUSSION

 By his first issue, Tatom argues that the trial court erred by admitting evidence of
extraneous offenses or other bad acts. The complained-of evidence was admitted through the
testimony of Officer William Dorsey, a police officer with the City of Temple Police Department. 
Dorsey testified that when he encountered Tatom at a motel parking lot, Tatom ran off and tossed
a briefcase that he had been carrying. Dorsey recovered the briefcase and, following a brief chase,
Dorsey and an accompanying officer caught up to Tatom and searched him. They discovered
shotgun shells and a pipe. When Dorsey opened the briefcase, he found scales, scissors, a pipe with
a burnt plant-like substance that smelled like marihuana, syringes, Q-tips, and baggies. Officer
Dorsey then testified about how methamphetamine is cooked and cut with other substances.

 Tatom complains that this testimony constitutes evidence of extraneous offenses. 
Tatom's trial counsel, however, failed to object to the admission of this evidence and thus, failed to
preserve error. See Tex. R. App. P. 33.1(a). Nevertheless, because Tatom also raises an ineffective
assistance of counsel claim, we will review Tatom's first issue. 

 Evidence of extraneous offenses is inadmissible to prove character conformity, but
may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, if its potential for prejudice does not
substantially outweigh its probative value. Tex. R. Evid. 403, 404(b). Thus, if the extraneous
offense evidence has relevance aside from character conformity, it is admissible unless its probative
value is substantially outweighed by the danger of unfair prejudice. Montgomery v. State, 810
S.W.2d 372, 377 (Tex. Crim. App. 1991) (op. on reh'g).

 Here, the drug paraphernalia and shotgun shells were seized during Tatom's arrest. 
As a general rule, the State is entitled to establish the circumstances surrounding an arrest, unless
the evidence is inherently prejudicial with no relevance to any issue in the case. Hernandez v. State,
484 S.W.2d 754, 755 (Tex. Crim. App. 1972). A decision to admit the extraneous offense evidence
lies within the sound discretion of the trial court. Id. The extraneous offense evidence presented in
this case was directly connected to Tatom's arrest and relevant to his possession of a controlled
substance. Moreover, any prejudicial effect this evidence may have had was likely negligible, since
the jury also heard Dorsey testify that he found nine bags of powder, later determined to be
methamphetamine, in the briefcase along with a bottle of liquid, also containing methamphetamine. 
Thus, the extraneous offense evidence was properly admitted.

 By his second issue, Tatom argues that the evidence was legally insufficient to show
that the amount of methamphetamine recovered from Tatom was more than four grams. To
determine the legal sufficiency of the evidence to support a conviction, we view all the evidence in
the light most favorable to the verdict and ask if any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307,
324 (1979); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S.
1131 (2000). 

 Rueben Rendon, a chemist for the Texas Department of Public Safety, testified that
he tested and weighed the substances seized from Tatom. He determined that the substance
amounted to 50.39 grams of methamphetamine. Of the 50.39 grams, 47.39 came from the bottle of
liquid. Rendon further testified that the liquid in the bottle primarily consisted of water with minute
amounts of methamphetamine, but he had not tested the water to determine exactly how much
methamphetamine was mixed in. Based on Rendon's testimony, Tatom complains that the State
should not have been allowed to include the weight of the liquid in computing the total quantity of
methamphetamine.

 Section 481.115(d) of the Health and Safety Code provides in pertinent part: "An
offense under Subsection (a) is a felony of the second degree if the amount of controlled substance
possessed is, by aggregate weight, including adulterants or dilutants, four grams or more but less
than 200 grams." Tex. Health & Safety Code Ann. § 481.115(d) (West Supp. 2001). Adulterant or
dilutant is defined as "any material that increases the bulk or quantity of a controlled substance,
regardless of its effect on the chemical activity of the controlled substance." Tex. Health & Safety
Code Ann. § 481.002(49) (West Supp. 2001). Thus, the State is not required to identify the
adulterants or dilutants, why they were added, their chemical effect, or their quantity. Williams v.
State, 936 S.W.2d 399, 405 (Tex. App.--Fort Worth 1996, pet. ref'd); Hines v. State, 976 S.W.2d
912, 913 (Tex. App.--Beaumont 1998, no pet.); Warren v. State, 971 S.W.2d 656, 660 (Tex.
App.--Dallas 1998, no pet.).

 Tatom nevertheless directs us to Rendon's testimony in which he stated on cross-examination that the testing instrument he used on the bottle of liquid did not detect any adulterants
or dilutants. However, Rendon also testified that in arriving at the figure 50.39 grams, he included
any adulterants or dilutants that may have been commingled with the methamphetamine. He further
opined that water could be considered a dilutant. While Rendon presented conflicting testimony
regarding the presence or absence of adulterants and dilutants, it was within the province of the jury
to resolve the inconsistencies in Rendon's testimony and determine the weight to be accorded his
testimony. Moreover, the jury was provided with the definition of adulterants and dilutants in the
jury charge and could have relied upon that definition in reaching its conclusion. Viewing the
evidence in the light most favorable to the verdict, as we must, we hold that the State presented
legally sufficient evidence to support Tatom's conviction. Tatom's second issue is overruled.

 Tatom's final issue charges that he received ineffective assistance of counsel. The
United Sates and Texas Constitutions guarantee the right to reasonably effective counsel at trial. 
U.S. Const. amend. VI; Tex. Const. art. I, § 10; Strickland v. Washington, 466 U.S. 668, 686 (1984);
Hernandez v. State, 726 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). To prevail on an ineffective
assistance of counsel claim, an appellant must show that (1) his trial counsel's performance was
deficient, in that counsel made such serious errors that he was not functioning effectively as the
"counsel" guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the
defense to such a degree that the defendant was deprived of a fair trial. Strickland, 466 U.S. at 686-89. 

 To satisfy the first prong of the test, an appellant must demonstrate that counsel's
performance was unreasonable under prevailing professional norms and that the challenged action
was not sound trial strategy. Id. at 689; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991). The second prong of the Strickland test requires an appellant to demonstrate that counsel's
deficient performance prejudiced the defense, thereby depriving the defendant of a fair trial; that is,
there is a reasonable probability that but for counsel's deficient performance, the result of the
proceedings would have been different. Strickland, 466 U.S. at 687; Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).

 A party claiming ineffective assistance of counsel has the burden of proving his claim
by a preponderance of the evidence. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996). Review of counsel's representation is highly deferential, and courts indulge a strong
presumption that trial counsel's conduct falls within a wide range of reasonable representation and
that trial counsel's actions might be considered sound trial strategy. Strickland, 466 U.S. at 689;
McFarland, 928 S.W.2d at 500. Counsel's performance is not evaluated in hindsight but rather from
counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d
499, 505 (Tex. Crim. App. 1993). We consider the totality of counsel's representation in considering
an ineffectiveness claim; the claim cannot be demonstrated by isolating one portion of counsel's
representation. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). Any error in trial
strategy will be deemed inadequate representation only if counsel's actions are without any plausible
basis. Thomas v. State, 886 S.W.2d 388, 392 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).

 In support of his ineffective assistance of counsel claim, Tatom argues that his trial
counsel (1) failed to file a motion seeking the "proper weight of the methamphetamine in the 'pill
bottle full of water'"; (2) failed to object to the admission of extraneous offense evidence; (3) failed
to request an instruction that would have allowed the jury to find Tatom guilty of a lesser included
offense; and (4) failed to prepare for trial. Failure to file pretrial motions is not categorically deemed
ineffective assistance. Miranda v. State, 993 S.W.2d 323, 327 (Tex. App.--Austin 1999, no pet.). 
The record does not reveal trial counsel's strategy in deciding not to file the suggested pretrial
motion, as no motion for new trial hearing was held to interrogate trial counsel regarding his
strategy. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). However, in light of
our discussion regarding the definition of adulterants and dilutants, it appears that had a motion been
filed, it would not have benefitted Tatom. Indeed, a familiarity with the law regarding this issue may
have influenced trial counsel's decision not to file the motion. As explained above, even if the liquid
analyzed was determined to be water with only a small amount of methamphetamine, that
determination would not be relevant. The water could have been characterized as an adulterant or
dilutant, according to the statute, and Tatom does not explain how a test identifying the exact
quantity of methamphetamine in the water would have helped his case. Similarly, with regard to the
extraneous offense evidence, we held that the trial court properly admitted the evidence and thus,
trial counsel's failure to object cannot constitute ineffective assistance.

 With regard to the jury charge, in order to show that his counsel was ineffective in
failing to request a lesser included offense instruction, Tatom must establish that he was entitled to
the instruction. Cardenas v. State, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000). An instruction on
a lesser included offense is warranted if appellant proves that (1) the lesser included offense is
included within the proof necessary to establish the offense charged, and (2) some evidence exists
in the record that if Tatom is guilty, he is guilty only of the lesser offense. Rousseau v. State, 855
S.W.2d 666, 672 (Tex. Crim. App. 1993). Assuming Tatom was entitled to an instruction on the
lesser included offense of possession of less than four grams of a controlled substance, his trial
counsel's failure to request such an instruction did not render counsel's assistance ineffective. See
Grant v. State, 696 S.W.2d 74, 77 (Tex. App.--Houston [1st Dist.] 1985, pet. ref'd). During his
cross-examination of Rendon and his closing arguments, trial counsel emphasized that the bottle of
liquid contained only minute amounts of methamphetamine. Trial counsel relied on this argument
as the sole basis for Tatom's defense, that is, that the State could not prove that Tatom possessed
more than four grams of methamphetamine as charged in the indictment. By choosing not to request
an instruction, trial counsel may have been attempting to gain an acquittal rather than a conviction
on a lesser included offense. A defensive theory and the manner in which it is presented are matters
of trial strategy. We cannot say that trial counsel was ineffective in pursuing the strategy he chose.

 Finally, there is no evidence in the record indicating that trial counsel failed to prepare
for trial. To the contrary, trial counsel actively participated in the jury trial, cross-examined the
State's witnesses, made a jury argument, and fashioned a plausible defense. Tatom's third issue is
overruled. 


CONCLUSION

 Having overruled all of Tatom's issues presented, we affirm the judgment of the trial
court.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: September 13, 2001

Do Not Publish