# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00625-CR

**Jessie Lee Tatom, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 50,795, HONORABLE JOE CARROLL, JUDGE PRESIDING

A jury convicted appellant Jessie Lee Tatom for possession of a controlled substance amounting to more than four grams and less than two hundred grams. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(d) (West Supp. 2001). Tatom elected to have the trial court assess punishment and was sentenced to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By three issues presented, Tatom appeals the conviction, arguing that: (1) the trial court erred in admitting extraneous offense evidence; (2) the evidence was legally insufficient to support the jury's verdict that Tatom possessed more than four grams of methamphetamine; and (3) Tatom received ineffective assistance of counsel. Finding no reversible error, we overrule the issues and affirm the judgment of conviction.

**DISCUSSION**

By his first issue, Tatom argues that the trial court erred by admitting evidence of extraneous offenses or other bad acts. The complained-of evidence was admitted through the testimony of Officer William Dorsey, a police officer with the City of Temple Police Department. Dorsey testified that when he encountered Tatom at a motel parking lot, Tatom ran off and tossed a briefcase that he had been carrying. Dorsey recovered the briefcase and, following a brief chase, Dorsey and an accompanying officer caught up to Tatom and searched him. They discovered shotgun shells and a pipe. When Dorsey opened the briefcase, he found scales, scissors, a pipe with a burnt plant-like substance that smelled like marihuana, syringes, Q-tips, and baggies. Officer Dorsey then testified about how methamphetamine is cooked and cut with other substances.

Tatom complains that this testimony constitutes evidence of extraneous offenses. Tatom's trial counsel, however, failed to object to the admission of this evidence and thus, failed to preserve error. *See* Tex. R. App. P. 33.1(a). Nevertheless, because Tatom also raises an ineffective assistance of counsel claim, we will review Tatom's first issue.

Evidence of extraneous offenses is inadmissible to prove character conformity, but may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if its potential for prejudice does not substantially outweigh its probative value. Tex. R. Evid. 403, 404(b). Thus, if the extraneous offense evidence has relevance aside from character conformity, it is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1991) (op. on reh'g).

2

Here, the drug paraphernalia and shotgun shells were seized during Tatom's arrest. As a general rule, the State is entitled to establish the circumstances surrounding an arrest, unless the evidence is inherently prejudicial with no relevance to any issue in the case. *Hernandez v. State*, 484 S.W.2d 754, 755 (Tex. Crim. App. 1972). A decision to admit the extraneous offense evidence lies within the sound discretion of the trial court. *Id.* The extraneous offense evidence presented in this case was directly connected to Tatom's arrest and relevant to his possession of a controlled substance. Moreover, any prejudicial effect this evidence may have had was likely negligible, since the jury also heard Dorsey testify that he found nine bags of powder, later determined to be methamphetamine, in the briefcase along with a bottle of liquid, also containing methamphetamine. Thus, the extraneous offense evidence was properly admitted.

By his second issue, Tatom argues that the evidence was legally insufficient to show that the amount of methamphetamine recovered from Tatom was more than four grams. To determine the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict and ask if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 324 (1979); *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000).

Rueben Rendon, a chemist for the Texas Department of Public Safety, testified that he tested and weighed the substances seized from Tatom. He determined that the substance amounted to 50.39 grams of methamphetamine. Of the 50.39 grams, 47.39 came from the bottle of liquid. Rendon further testified that the liquid in the bottle primarily consisted of water with minute

3

amounts of methamphetamine, but he had not tested the water to determine exactly how much methamphetamine was mixed in. Based on Rendon's testimony, Tatom complains that the State should not have been allowed to include the weight of the liquid in computing the total quantity of methamphetamine.

Section 481.115(d) of the Health and Safety Code provides in pertinent part: "An offense under Subsection (a) is a felony of the second degree if the amount of controlled substance possessed is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." Tex. Health & Safety Code Ann. § 481.115(d) (West Supp. 2001). Adulterant or dilutant is defined as "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." Tex. Health & Safety Code Ann. § 481.002(49) (West Supp. 2001). Thus, the State is not required to identify the adulterants or dilutants, why they were added, their chemical effect, or their quantity. *Williams v. State*, 936 S.W.2d 399, 405 (Tex. App.—Fort Worth 1996, pet. ref'd); *Hines v. State*, 976 S.W.2d 912, 913 (Tex. App.—Beaumont 1998, no pet.); *Warren v. State*, 971 S.W.2d 656, 660 (Tex. App.—Dallas 1998, no pet.).

Tatom nevertheless directs us to Rendon's testimony in which he stated on cross-examination that the testing instrument he used on the bottle of liquid did not detect any adulterants or dilutants. However, Rendon also testified that in arriving at the figure 50.39 grams, he included any adulterants or dilutants that may have been commingled with the methamphetamine. He further opined that water could be considered a dilutant. While Rendon presented conflicting testimony regarding the presence or absence of adulterants and dilutants, it was within the province of the jury

4

to resolve the inconsistencies in Rendon's testimony and determine the weight to be accorded his testimony. Moreover, the jury was provided with the definition of adulterants and dilutants in the jury charge and could have relied upon that definition in reaching its conclusion. Viewing the evidence in the light most favorable to the verdict, as we must, we hold that the State presented legally sufficient evidence to support Tatom's conviction. Tatom's second issue is overruled.

Tatom's final issue charges that he received ineffective assistance of counsel. The United Sates and Texas Constitutions guarantee the right to reasonably effective counsel at trial. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) his trial counsel's performance was deficient, in that counsel made such serious errors that he was not functioning effectively as the "counsel" guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Strickland*, 466 U.S. at 686-89.

To satisfy the first prong of the test, an appellant must demonstrate that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. *Id.* at 689; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The second prong of the *Strickland* test requires an appellant to demonstrate that counsel's deficient performance prejudiced the defense, thereby depriving the defendant of a fair trial; that is, there is a reasonable probability that but for counsel's deficient performance, the result of the

5

proceedings would have been different. *Strickland*, 466 U.S. at 687; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

A party claiming ineffective assistance of counsel has the burden of proving his claim by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Review of counsel's representation is highly deferential, and courts indulge a strong presumption that trial counsel's conduct falls within a wide range of reasonable representation and that trial counsel's actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *McFarland*, 928 S.W.2d at 500. Counsel's performance is not evaluated in hindsight but rather from counsel's perspective at the time of trial. *Strickland*, 466 U.S. at 689; *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). We consider the totality of counsel's representation in considering an ineffectiveness claim; the claim cannot be demonstrated by isolating one portion of counsel's representation. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). Any error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Thomas v. State*, 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

In support of his ineffective assistance of counsel claim, Tatom argues that his trial counsel (1) failed to file a motion seeking the "proper weight of the methamphetamine in the 'pill bottle full of water'"; (2) failed to object to the admission of extraneous offense evidence; (3) failed to request an instruction that would have allowed the jury to find Tatom guilty of a lesser included offense; and (4) failed to prepare for trial. Failure to file pretrial motions is not categorically deemed ineffective assistance. *Miranda v. State*, 993 S.W.2d 323, 327 (Tex. App.—Austin 1999, no pet.). The record does not reveal trial counsel's strategy in deciding not to file the suggested pretrial motion, as no motion for new trial hearing was held to interrogate trial counsel regarding his strategy.

6

*See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). However, in light of our discussion regarding the definition of adulterants and dilutants, it appears that had a motion been filed, it would not have benefitted Tatom. Indeed, a familiarity with the law regarding this issue may have influenced trial counsel's decision not to file the motion. As explained above, even if the liquid analyzed was determined to be water with only a small amount of methamphetamine, that determination would not be relevant. The water could have been characterized as an adulterant or dilutant, according to the statute, and Tatom does not explain how a test identifying the exact quantity of methamphetamine in the water would have helped his case. Similarly, with regard to the extraneous offense evidence, we held that the trial court properly admitted the evidence and thus, trial counsel's failure to object cannot constitute ineffective assistance.

With regard to the jury charge, in order to show that his counsel was ineffective in failing to request a lesser included offense instruction, Tatom must establish that he was entitled to the instruction. *Cardenas v. State*, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000). An instruction on a lesser included offense is warranted if appellant proves that (1) the lesser included offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that if Tatom is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). Assuming Tatom was entitled to an instruction on the lesser included offense of possession of less than four grams of a controlled substance, his trial counsel's failure to request such an instruction did not render counsel's assistance ineffective. *See Grant v. State*, 696 S.W.2d 74, 77 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd). During his cross-examination of Rendon and his closing arguments, trial counsel emphasized that the bottle of liquid contained only minute amounts of methamphetamine. Trial counsel relied on this argument as

the sole basis for Tatom's defense, that is, that the State could not prove that Tatom possessed more than four grams of methamphetamine as charged in the indictment. By choosing not to request an instruction, trial counsel may have been attempting to gain an acquittal rather than a conviction on a lesser included offense. A defensive theory and the manner in which it is presented are matters of trial strategy. We cannot say that trial counsel was ineffective in pursuing the strategy he chose.

Finally, there is no evidence in the record indicating that trial counsel failed to prepare for trial. To the contrary, trial counsel actively participated in the jury trial, cross-examined the State's witnesses, made a jury argument, and fashioned a plausible defense. Tatom's third issue is overruled.

## CONCLUSION

Having overruled all of Tatom's issues presented, we affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: September 13, 2001

Do Not Publish

8