NUMBER
13-05-166-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JOHN LONGORIA,                                                                            Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 319th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez








Appellant, John Ruben Longoria, was found guilty of
possession of methamphetamine, a controlled substance, and sentenced to two
years= incarceration in a state jail facility.  See Tex.
Health & Safety Code Ann. '' 481.102; 481.115(b) (Vernon 2003 & Supp.
2004-05).  He now appeals his conviction,
alleging that the trial court erred when it permitted the State to admit
evidence of an extraneous offense.  We
affirm.

Longoria=s home was originally investigated by Child
Protective Services (CPS), which was responding to allegations it received that
drugs were being sold out of the house to the detriment of Longoria=s children. 
The CPS investigator testified that she noted the presence of a camera
surveillance system and bullet holes in the walls from a previous drive-by
shooting.  A police officer who
participated in the search of Longoria=s residence on the night of his arrest testified to
finding illegal drugs and drug paraphernalia in the house.  The officer also testified, over Longoria=s objection, to finding a Asawed-off shotgun@ and
ammunition in a closet during the search. 
Longoria now argues that evidence regarding the weapon had no probative
value but was instead highly prejudicial, and therefore, its admission
constituted reversible error in violation of Texas Rules of Evidence 403 and
404.  See Tex. R. Evid. 403, 404.

We review rulings on the admissibility of evidence
under an abuse of discretion standard.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  As a general rule, the State is entitled to
establish the circumstances surrounding an arrest, unless the evidence is
inherently prejudicial with no relevance to any issue in the case.  Hernandez v. State, 484 S.W.2d 754, 755
(Tex. Crim. App. 1972).  A decision to admit
the extraneous offense evidence lies within the sound discretion of the trial
court.  Id. 








Evidence of extraneous offenses is generally not
admissible.  See Tex. R. Evid.  404(a). 
However, rule of evidence 404(b) allows evidence of other crimes,
wrongs, or acts if the evidence has relevance apart from character
conformity.  See id. 404(b).
Evidence of other crimes, wrongs, or acts may be admissible to prove identity
or intent, to establish motive, or to show opportunity or preparation.  Id.; see Moses v. State, 105
S.W.3d 622, 626 (Tex. Crim. App. 2003). 
In addition to the explicit exceptions set out in rule 404(b),
extraneous offense evidence may be admissible as contextual evidence.  Wyatt v. State, 23 S.W.3d 18, 25 (Tex.
Crim. App. 2000).  There are two types of
contextual evidence:  (1) evidence of
other offenses connected with the primary offense, referred to as same
transaction contextual evidence; and (2) general background evidence, referred
to as background contextual evidence.  Mayes v. State, 816 S.W.2d 79, 86‑87
(Tex. Crim. App. 1991).  "Same
transaction contextual evidence is admissible as an exception under Rule 404(b)
where such evidence is necessary to the jury's understanding of the instant
offense."   Rogers v. State,
853 S.W.2d 29, 33 (Tex. Crim. App. 1993); see Camacho v. State, 864
S.W.2d 524, 532 (Tex. Crim. App. 1993).

Here, the officer described all contraband found and
seized during the search of Longoria=s residence, including the shotgun and
ammunition.  When Longoria objected to
the admission of testimony concerning the shotgun, the State explained that Athe illegal firearm goes to show the defendant=s intent, his knowledge, and an affirmative link to
the possession of a controlled substance.@  








We agree with the State=s assertion in this case.  The court of criminal appeals has previously
found, in the context of a deadly weapon finding in connection with drug
charges, a jury would rationally conclude that the guns are being used to
protect and facilitate the possession and delivery of those drugs.  See Coleman v. State, 145 S.W.3d 649,
654-55 (Tex. Crim. App. 2004); Gale v. State, 998 S.W.2d 221, 226 (Tex.
Crim. App. 1999).  Possession of an
illegal weapon would thus qualify as Asame transaction contextual evidence@ in the circumstances of this offense, which
establishes affirmative links between the methamphetamine and Longoria.  See Rogers v. State, 853 S.W.2d at 33;
Cantu v. State, 939 S.W.2d 627, 636 (Tex. Crim. App. 1997).  Therefore, we conclude, the trial court did
not abuse its discretion in determining that the testimony regarding the
shotgun was more probative than prejudicial and thus admissible.

Longoria=s issue is overruled.  We affirm the judgment of the trial court.

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 9th of February, 2006.