*114·15*

REF'D NO PDR   0114-15

IN   THE   COURT   OF   CRIMINAL

APPEALS,  AUSTIN

---

FERNANDO MAGALDE

PETITIONER

V.

THE STATE OF TEXAS

APPELLEE

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

---

On Appeal in Cause NO 2011OD0535
in the 120th District Court
El Paso County,Texas

The Honorable Maria Salas-Mendoza, Judge Presiding

---

PETITION FOR DISCRETIONARY REVIEW
ORAL ARGUMENT REQUESTED

---

Judge
Maria Salas-Mandoza

Attorneys for the State

Jaime Esparza,
Manuel Arambula
Nathan Brown
34th Dist Att
500 E.San Antonio,Room 201,
El,Paso,Texas 79901

Appellate Stage
Jaime Esparza,

Defense Attorneys at trial
M.Clara Hernandez
Robert Riley and
Jaime Gandara
ElPaso County Public defender
and Assistant Public defender
500 E.San Antonio,Room 501
El Paso Texas 79901

Appellate Attorney
M,Clara Hernandez,El Paso
County Texas
500 E.San antonio Room 501
El Paso Texas 79901

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

| | | |
|---|---|---|
| FERNANDO MAGALDE | § | |
| Petitioner | § | |
| | § | PD 0-115-05 |
| V | § | App NO 08-01240065-CR |
| | § | Trial NO 20110D05035 |
| THE STATE OF TEXAS | § | |
| Appellee | § | |

PETITION FOR DISCRETIONARY REVIEW
WITH MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT

Comes now Fernando Magalde, Pro se hereinafter Magalde in the above styled and numbered cause to file this petition for Discretionary Review of the opinion of the 8th court of appeals El Paso County ,Texas Appeal NO 08-012-00065-CR , whom affirmed the conivction from the 120th Judicial District Court Trail NO 20110D05035 in and unpublished Opinion March 28,2012 in support thereof petitioner will show the following

I

FACTUAL / PROCEDURAL HISTORY

Petitioner was charged by indictment for a violation of a protective Order trial Number 20110D06141, The indictment also included that petitioner had a prior felony conviction for driving while intoxicated, The state subsequently filed a notice of Enhancement and Habitualization, alleging  tree prior felony at trial petitioner pleaded not ture to the violation of a protective order,during the guil / innocence phase the jury found petitioner to be guilty as charged ( CR at page 3 ) the trial then procedded to the punishment stage (RR 5, 1-5-12-17 ) a plea of not true was entered to the enhancement allegations (RR5, 17),after oral argument of both parties the jury found the enhancement /habitualization paragraphs true and assessed punishment at (40) forty years imprisonment and a fine of $ 10,000 dallor,[1] the judgment was thereby

FOOTNOTE ——————

1, in addition petitoner had been charged in a three count indictment with Robbery ( Count I ) Aggravated Kidnapping ( Count II )·And Unlawfull use of a Motor Vehicle ( Count III) Upon agreement of the parties ,the trial court consolidated the two cases for a single trial, TR NO 20110D06141 Petitioner was found not guilty of Count I,II the jury found him guilty of Aggravated Kidnapping ( County II ) But found him guilty of the Lesser offense unlawful Restraint in a seperate appeal NO 08-12-00065-CR

-1-

entered in accordance with the jurys verdict ( RR5,   ) On appeal petitioner contends that the trial court abused it's discretion by admitting evidence of his gang membership at issue before this Honorable Court ,

## II

## JURISDICTION

Pursuant to Texas Rules of Appellate Procedural, Rules 66.1, 66.3 and 68 this honorable court as part of its punitive power has subject matter Jurisdiction to review a petition for discretionary review of the opinion of the 8th court of appeals

## III

### ORAL ARGUMENTS REQUESTED

Oral argument are necessary to establish petitioners substaintial due process rights to a fair and impartial trial where violated by the trial court abuse of discretion in allowing the state to introduce the exhibit containing his gang membership at the punishmant stage which was clearly in violation of Rules 401,403 and 404 of the Tex. R.Evid

# TABLE OF CONTENTS

Cover Page . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .0

Factual / Procudural History . . . . . . . . . . . . . . . . . . . . . 1

Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Oral Arguments Requested . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . 3

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . 4

Statement of the Case . . . . . . . . . . . . . . . . . . . . 5

Statement of Facts . . . . . . . . . . . . . . . . . . . . . 5

issue presented for Review . . . . . . . . . . . . . . . . 7

Summary of Argument . . . . . . . . . . . . . . . . . . . .7

Argument and Authorities . . . . . . . . . . . . . . . . . 7

preservative of the error . . . . . . . . . . . . . . . . .8

Standard of Review Abuse of Discretion . . . . . . . . . . .10

Conclusion . . . . . . . . . . . . . . . . . . . . . . . 14

Prayer for Relief . . . . . . . . . . . . . . . . . . . .15

Certificate of service . . . . . . . . . . . . . . . . . .15

## TABLE OF AUTHORITIES

Federal Cases ,

Garcean.v.Woodford, 276 F.2d.769 (20001 ) . . . . . . . . . . . 14

State Case,

Anderson.v.State, 901 S.W. 2d at 949 ( Tex.Crim.App 1995 ) . . . . .9

Beasley.v.State,902 s.w.2d 452,456 ( Tex.Crim.App 1995 ). . . . . . .9

Burks.v.State,876 S.W. 2d 877,909 ( Tex.Crim.App 1994 ) . . . . . .7

Couret.v.State,792 S.W. 2d 107 ( Tex.Crim.App 1990 ) . . . . . . 13

Garcia.v.State,201 S.W. 3d 695 ( Tex.Crim.App 2006 ) . . . . . . 15

Geuder.v.State,115 S.W. 3d 15 (Tex.Crim.App 2001 ) . . . . . . .8

Gigliobianco.v.State, 210 S.W. 3d at 641,642 ( Tex.Crim,App 2006 ) . . .9

Heitman.v.State, 815 S.W. 2d at 681,690 (Tex.Crim.App 1991 ). . . . .7

Idown.v.State, 73 S.W. 3d 918,923.(Tex.Crim.App 2002 ) . . . . . . 8

Kemp.v.State, 846 S.W. 2d at 289,307 (Tex.Crim.App 1992 ). . . . . .14

Klueppel .v.State,Supre 505 S.W. 2d at 552,574 ( Tex.Crim.App 1974 ) . . .14

Coffin.v.State 885 S.W. 2d at 140,149 ( Tex. Crim.App 1994 ) . . . . . . 13

Hayos.v.State, 982 S.W. 2d at 419,422 ( Tex. Crim.App 1996 ) . . . 10

Lamas.v.State, 707 S.W. d at 566 ( Tex.Crim.App 1986 ) . . . . .14

Lopez.v.State, 200 S.W. 3d at 246,248 ( Tex.App Houst [14th Dist] 2006 )....13

Maranda.v.State, 253 S.W. 3d 762,769 (Tex.App .Amarillo 20007 no pprt ) ... 10

Massey.v.State, 933 S.W. 2d 532,587 ( Tex. CApp Houst [1st Dist] 1996 ) ... 8

Montgomery.v.State, 810.S.W. 2d 372,387,388 ( Tex. Crim.App 1990 ) . . . . .11

pondexter.v.State, 942 S.W. 2d at 577 ( Tex. Crim.App 1996 ) . .. . . .... ..9

Rhoades.v.State,934 S.W. 2d 113,121,127 ( Tex.Crim.App 1986 ) . . .. . . 10

Robinson.v.State, 16 S.W. 3d at 808, 813 ( Tex. Crim.App 2000). . . . . 8

Roethel.v.State 80 S.W. 3d at 276,278 ( Tex.  App Auston 2000 no pet ) . . .13

Sanchez.v.State, 120 S.W. 3d 366 ( Tex. Crim.App 1999 ). . . . . . . . 8

Schaffer.v.State, 777 S.W. 2d at 114 ( Tex. Crim.App 1985 ) . . . . . . 7

Steels.v.State, 170 S.W. 3d at 765 ( Tex. App.Waco. 2005 ) . . . . . ...8

Tellez.v.State, 170 S.W.  3d at 58 ( Tex. Crim.App 2006 ) . .    ...   ... 7

webber.v.State, 29 S.W. 3d 226232 ( Tex. App Houst [14th Dist] 2010 ) . . 10

Young.v.State, 137 S.W. 3d 65,70 ( Tex. Crim.App 2004 ) . .. . . . .8

Zillender.v.State,557.S.W2d 515,517 ( Tex.CR.App 1977 ) . . . . . . . . .13

Constitutiona, Statutes and Rules

Article 37.07 § 3(a) (1) . . . . . . . . . . . . . . . 7

Artucle 33.1(a) . . . . . . . . . . . . . . . .7-8

Article 44.2 (a) . . . . . . . . . . . . . . . .13

Rules of Crim Evidence

Rule 401, 403, 404, 404(b),and 405 . . . . . . . . . . 3,4,6,

## STATEMENT OF CASE

Petitioner Magalde is Now applealing the opinion of the 8th Court of Appeals and its denial of Relief from the Judgment and Punishment assessed by the 120th Judicial District Court El Paso County,Texas for Violation of a protective order ( CR at Page 3 ) In which he recieved a 40 year sentence (RR5,233) ( CR 63,70 ) The appeal was filed on August 15,202 STYLED FERNANDO MAGALGE.V. THE STATE OF TEXAS ,App NO 08-12-00065-CR , in an unpublished opinion affirmed the conviction March 28,2014, The Originial date for filing the PDR was April 27, 2014, However a letter was sent by petitioner to the El paso County public defender office requesting them to file a motion for extenion of time, which was not timely transmitted to the court of appeals due to a clerical error, that caused the period for filing the (PDR) to expire , A Motion was later filed by the El Paso Public defender office to the court of criminal appeals June 13, 2014 seeking and extension , that was denied on the 16th of June 2014, Petitioner then filed a Writ of Habeas Corpus Writ NO ( WR 82-561-01 ) which was granted January 20,2015, A motion for extension of time was granted February 2, 2015 thereby extending the period for filing the PDR until may 11, 2015 PD 115-15 ,

## STATMENT OF FACTS

At the trial of this cause petitioner was found quilty of Violation of a protective Order on January 24,2012 ( RR4, 98 ) At the punishment phase January 25, 2012,the state was allowed to through multiple sources introduce evidence pretaining to petitioners gang membership through Officer Duran, Officer Pineira,and Detective Sanchez, all the Exhibit's 37,38,and 39 confirmed that petitioner was identified as a gang member ( RR5, 88-90 ) Defense counsel objected to the "Veracity" of the information contained in states Exhibit # 37, ,However over his objection Judge Salas-Mendoza admitted the information ( RR 5, 90 ),When the state asks if it could public the information to the jury defense counsel objected that it was hearsay ,Then asks the Judge if it would review the information, to determine what if any hearsay was contained in the Exhibit, after a bench hearing the court admitted the exhibits

-5-

6

at the conclusion of the punishment phase the jury found the Enhancement and Habitualization alleging true(RR4,98 CR At P 63 ) The jury assessed punishment at (40 ) Forty years in the Texas Department of Criminal Justice Institutional Divisiion and a $10,000 fine, ( RR5, at 233 CR p, 70 ),72-73 ) Notice of Appeal containing Cartification of petitioners rights to appeal was filed on January 30, 2012 (CR 74 ) ,

On appeal petitioner asserted that the trial court had abused it's discretion by allowing the state prosecutor to at the punishment phase admit Evidence that he was a Member of the Barrio Azteca Gang, at issue before this Honorable Court ,

ISSUE PRESENTED FOR REVIEW

The 8th Court of Appeals Error in holding petitioner fail to preserve the issue for appellate review Citing to TEXAS RULE OF APPELLATE PROCEDURE 33.1(a)

SUMMARY OF THE ARGUMENT

In a sole point of Error petitioner challenges the decision of the 8th Court of appeal,and its opinion that he fail to preserve the issue and will by and through Numerous Citation of Case Law demonstrate his trial objection was sufficient to preserve the issue, although only a general objection to the "Varacity" of the information contained in States Exhibit 37 was made Citing **Tellez.v.State** 170 S.W..2d 158 (Tex.Crim.App 2006 ) , In addtition petitioner will also demonstrate the admission of States Exhibit 37 by the trial Court was an abuse of discretion Citing **Schaffer.v.State** 777 S.W.2d.at 114 ( Tex.Crim.App.1985 )

ARGUMENT / AUTHORITIES

Petitioner argues that the failure of the 8th Court of Appeals to Review his claim related to the improper admission at the pumishment phase of his trial information of his purported gang affilations and activites we're clearly a violation of TEX.R.EVID 401,403 and 404 ,and Constitutes an abuse of discretion on part of the trial court,when overruling defense counsels objection to the "Veracity" ( RR 5,90 ) in a case like this compounded by a lack of a statutory requirement that it be proven beyond a reasonable doubt,Because extraneous offense evidence may be introduced at the punishment hearing of a trial,**Burks.v.State** 876 S.W. 2d 877,909 ( Tex.Crim.App.1994 ) ARTICLE 37.07 Section 3(a)

a sentencing issue may be preserved by objection at the punishment hearing here, the state sought to admit States Exhibit # 37,(RR 5,90 ) while the record indicates there was only an objection to the gang related evidence,[2] When when the state offered Exhibit 37, into evidence,His objection was sufficient enough to preserve the issue for appellate review Citing **Heitman.v.State** 815 S.W. 2d at 681,690.(Tex.Crim.App.1991 ) Which held that when the objection or Current ground of exclusion [i]s obvious to the judge and opossing counsel

FOOTNOTE ———————

2, Petitioner trial objection supports his theory raised on direct appeal that, the evidence in Exhibit 37, was irrelevant and the veracity was prejudice ,and abuse of discretion admitting it in to evidence at the punishment phase, , Therefore the 8th court of appeal should have reviewed the claim ,since it involved a due process Error

no [] waiver results from a general "or' imprecise objection Id 690, Likewise the 1st Court of Appeals Houston in **Massey.v.State**, 933 S.W. 2d .582,587 (Tex.App Houst [1st Dist] 1996 no pet' )There the court held that Massey objection that the testimony was getting into extraneous offenses was sufficient objection under Rule 404 (b) ,Therefore petitioner would argue that although no objection was based on Rule 401 or otherwise Texas Rules of Evidence 403,Or 404 ,The lack of such objection did no[t] forfeite his rights to complain on appeal ,The trial courts Abuse of discretion in allowing the state to introduce Book in information related to his gang membership Citing,**Idown.v. State**,73 S.W. 3d .918,923 ( Tex.Crim.App.2002 ) ,Because his trial objection was so clearly obvious to the trial court and opossing Counsel(RR 5, 88-90)

**Geuder.v.State** 115 S.W. 3d at 13 (Tex.Crim.App 2001 ), **Sanchez.v.State** 120 S.W. 3d.at 366 and , **Tellez.v.State** 170 S.W. 3d at 158, The courts there, held that while Tellez trial counsel did not made a trial objection to the trial court entering of a deadly weapon findings ,The lack of objection did no[t] waive Tellez rights to complain on appeal that trial court abused it's discretion by entering such ,**Id** when there is error of a fundamental "or' Constitutional Nature there need [N]ot be any specific objection to preserve for appellate review,[3] **For Example** , In **Robinson.v.State** 16 S.W. 3d.808.813 (Tex.Crim.App.2000 the court of Criminal Appeals held that no objection was needed or necessary at the trial level to bring a claim of inffective Assistance of counsel for the first time on appeal,.Likewise the Waco Court also in ,**Steels.v.State** 170.S.W.3d.765 ( Tex.App.Waco.2005)held no objection was required for Steels to bring a Double Jeopardy claim on appeal for the first time, although it was no[t] properly preserved by a timely trial objection , As a primary purpose for requiring a specific and contemporanceous objection is to advise the trial court of impending error and afford the court an opportunity to avoid the error or take corrective action to cure the error, **Young.v.State** 137 S.W. .3d 65,70 ( Tex.Crim.App.2004 ) ,Thus the reviewing court must first determine whether petitioner has preserved any potentail error for its review, ,TEX R.App. P 33.1(a) absents an objection defendant "waives the error unless the error is fundamental, that is the error creates egregious harm, While

FOOTNOTE ——————————

3, On appeal petitioner is asserting a due process violation , cause by the trial courts abuse of discretion ,the proper standard of review is an abuse of discretion standard Citing Green.v. State.934 S.W. 2d at 92,101-02 ( Tex.Crim.App 1996 )

Rule 401, of the Texas Rule Criminal Evidence, defines Relevant evidence as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or Less probable that it would be without the evidence, All Relevant evidence is admissible under TEX.R.CRIM.EVID 402, However Relevant Evidence may be excluded , if its probaive valve is substantially out weighted by the danger of unfair prejudice, TEX R.CRIM.EVID 403 , At issue here is the punishment phase TEX.R.EVID 404, which provides that evidence maybe offered at the punishment stage either by the defendant or prosecution as to the prior criminal record of the accused Citing , **Pondexter.v.State**, 942 S.W..2d 577.(Tex.Crim.App.1996 ) holding that although evidences of gangmembership is admissible at the punishment phase of a trial as to relevant Character evidence,[4] TEX.R.CRIM.EVID.401 , In Pondexter the court acknowledged that testimony as to gang membership and as to the criminal activities of the gang may have been prejudicial , Citing to the opinion of **Anderson.v.State**, 901 .S.W.2d AT 946 ( Tex.Crim.App 1995) There Judge Clinton ,wrote in Concurring opinion that gang Membership is relevant to prove petitioner character, However Article 37.07 § 3(a) in as much as it incorporates Rule 405(b) of the Texas Rules of Criminal Evidence, he said gang membership or affiliation is [N]ot an admissibl[e] method of proving character per se, he said it might be admissible for some other legitimate purpose, Rule 405 of the Texas R.Evid, The permissible method of character evidence would be reputation or opinion testimony under, Rule 405 Tex.R. Crim.Evid Citing **Gigliobianco.v.State**, 210 .S.W.3d.637,641-642 ( Tex.Crim.App 2006 )

There the court of criminal appeals stated that when under taking a Rule 401 or 403 analysis, it must balance among other things the inherent probative force of the evidence along with the proponents need for that evidence against the tendency of the evidence to confuse or distract the jury from the main issue or any tendency of the evidence to be given undue weight by the jury citing **Beasley.v.State** 902.S.W.2d 452 456 (Tex.Crim.App 1995 ) , There the court of criminal appeals held that that such evidence of gang membership admissible at the the punishment stage to show the accused character ,so that the jury can determine the appropriate punishment ( RR5, 233) ,Here

---

FOOTNOTE ——————————

4, Texas Rule Crim.Evid 401, Evidence of ther crime wrongs or acts is No[t] admissible to prove character of a person in order to show that he acted in conormity there with Evans 876 S.W. 2d 459,464(Tex.App.Texarkanna 1994 no pet )

no Rule 401,403 or 405 objection was made,petitioner would argue  that while this honorable court has in the past pursuant to Rule 33.1(a) of Tex.R.Evid Refuse to review claims raised on appeal for the first time without a timely of proper specific objection on the issue or point , Citing **Rhoades.v.State** 934..SW. 2d .113,121,127 ( Tex. Crim.App 1986 ) an exception should apply here the record is clear his trial objection was apparent to the trial court and the state prosecution ( RR5 88-90 )[5] the record also demomstrates that after trial court had overruled the objection to the :Veracity" of the informat-ion, and objection was made on the ground of hearsay once the state sought to publish the information to the jury ,the trial court was then asks by defense counsel  if it would review ( in Camera ) to see what if ,any hearsay was contained

Petitioner would argue that the trial court fail to determine the applicabili-ty of the proffered justification for the admission of the hearsay information and if additionally  requested perform the requisite relevancy balancing test by comparing the probative value of the the hearsay against its danger for unfair prejudice, at any rate the objection at trial did not waive the iss-ue or complaint about the admissibility of the evidence Citing **Webber.v.State** 29 S.W. 3d at 226,232 ( Tex.App.Houst [14th Dist] 2000) therefore the 8th court of appeals flawed in its opinion and decision not to review the issue when it was properly before the court

Petitioner next will demomstrate the trial court admission of the gang member information was an abuse of discretion which deprived him of a fair impart-ial trial,

### STANDARD OF REVIEW

When the appellate court review a trial courts ruling on the admissibility of evidence, it must untilize an abuse of discretion standard , And will up hold the trial courts ruling ,if it is within the zone of reasonable dis-agreement, **Maranda.v.State**,253.S.W.3d.762,769.(Tex.App Amarillo 2007 no pet) in addition the reviewing court must review the trial courts ruling in light of what was before the trial court at the time of its ruling ,**Hayos.v.State** 982 S.W.. 2d at 419,422 ( Tex.Crim.App.1996 )

Footnote ──────────

5, Although petitioner may give up the rights ...He is never deemed to have done so ,in fact un-less he says so plainly freely and intelligently..and the trial court has an independent duty to implement the waiver  Sanchez,120 SW 2d 359,366 ( Tex.Crim.App 2003 )

A party who attacks the trial courts ruling as an abuse of discretion labors under a heavy burden, The test for abuse of discretion is not whether the opinion of the reviewing Court, the facts present an appropriate case for trial courts actions..Rather ...it is a question of whether the court acted without reference to any guiding rules and principles, ..Stated another way the test is whether the act was arbitrary ..or..unreasonable,[6],The proporent of the evidence must persuade the trial court that the evidence has relevance .a part from character conformity that is,it tends to establish some elemental fact,such as intent, is tendes to establish some evidenceiary fact,such as motive,opportunity "or" preparative leading inferentially to an accident ciiting , **Montgomery.v.State,** 810.S.W..2d.372,387,388..(Tex.Crim.App.1990 )

As Mention through Multiple Sources the prosecutor where able to introduce into evidences states Exhibit's 37, 38,and 39 all of which included inform-ation concerning petitioner gang affiliation Officer Duran, Offier Pineina, and Detective Sanchez,all confirmed that petitioner was identified as a gang member, , The state first called officer Duran a detention officer at the El Paso County jail, he testified that he processed petitioner for Booking the state question officer Duran, about the booking documentation in which he pointed to a statement that "Remarked "Barria Azteca"which officer Duran testified usually meant it was confirmed gang membership (RR5,93) Defense counsel on Cross examination of officer Duran was able to get Mr Duran to admit petitioner hadn't told him he was a gang member ,and that according to him petitioner didn't fill in the space on the the booking Documentation ( RR5, 96 )

In addition to officer Duran testimony ,the state also called officer Pual Pireira, through him the state was able to offer up Exhibit 38, Officer pineira a deputy for the Security Threat Group intelligence Coordinator,(RR 5,98,99) he testified that his tast was to gather compiling information on anyone booked into the jail, that were suspected of having been involved in gang, he explained why it was necessary to obtain such information about a person gang membership he also explained there pointing system,and how it was used to identify someone as a gang member,he said when they identify a person they interview him,ask him ,if he's a gang member check this affiliations and whether he was arrested with a gang member by using the point system,

FOOTNOTE ——————

6,Therefore petitioner argu..,that the court of appeals should have assinged error ,although no specific objection to the contents of the information in the items as a matter of its Judic-ial power Rezac.v.State,782 S.W. 2d at 869,870 ( Tex.Crim.App 1990 ) because the record can be

officer pineira also said that the point sheet reflected that petitioner was affiliated with the "Barrio Azteca" gang ,Because he had accumulated 10 points ,5 points for self admission,3 points for being identified by a confirmed gang member, and 2 points for being identified as a gang member by unknown informant ( RR 5, 102,103,104 )

Through Mr Pineira the state was also allowed to admit Exhibit #39, which was a document showing petitoner self admission into the "Barrio Azteca"gang in his update entry on September 10,20110 ,he testified that petitioner had told officer O,Gonzalez that he was a gang member,but refuse to sign the form, that such refusal was regular, ( RR5, 105,106 ) However on Cross examation by defense counsel,Mr Pineira agreed that petitioner hadn't been confirmed by law enforcement agency , wasn't related to a gang member,wasn't arrested with a gang member ,didn't possess any tattoo or other gang paragh- ernalia,didn't associate with confirmed "or" other suspected gang members and didn't commit illegal acts "or' activities that violate jail rules with other suspected gang member that had been comfirmed ( RR 5, 110,111 )

The record reflects the state also called as a witness at the punishment Detective Andres Sanchez, who also testified that he was assigned to the gang investigation unit, he testified unit investigated gang related crimes, such as 'Assualts,'Burglaries' Robberies and 'Homicides, Detective Sanchez testified that he identified different gangs within the city ( RR 5, 147 after being offered as a gang expert Detective Sanchez, talked a little about how the " Barrio Azteca" gang was a known prison gang that begain around 1987, and continued to thrive once its member came out of prison, he testified that the gangs primary purpose is illegal criminal activity such as "Murder "Aggravated Assault "Kidnappings"Robberies"drug trafficking"Money laundering "extortion and "white collar offenses ( RR5, 149,150 )

Detective Sanchez further testified he called the county jail two or three times a day to get or to give information about gang members who had been arrested ( RR 5, 153 ) he also admitted he some times work with officer pineira on a regular basis he was asked if he had seen anything to indicate

clearly established that at trial petitioner was making an objection to the relevant of the info and claim on appeal that the trial court Abused its discretion in allowing the state to improper introduce to the jury such evidences ,because a due process error is alleged the appeals court should have review this issue ,rather then state that nothing was preserves by a failure to make a specific objection under Texas Rule of Criminal Evidence 401,402 or 404 (b)

that ,petitioner claims of being a Barrio azteca gang member he replied"No" ( RR 5, 156,157 ) He testified further that he reviewed petitioners prison records and that the assault he had been involved in in prison we're consistent with being a Barrio azteca gang member

Under Article 37.07 § 3(a) ,evidence may be offered by the state and defendant as to any matter the trial court deems relevant to sentencing ,including but not limited to the prior criminal record of the accused, his general reputation, his character, and opinion regarding his character the circumstances of the offense for which he is being tried, and any other evidence of an extraneous crime or bad act, Citing **Roethel.v.State**,80 S.W.3d. 276,278 ( Tex. CApp. Austin 20000 no pet ) , Rule 403 Requires exclusion of evidence only when there exist a clear dispartity between the degree of prejudice of the offered evidence and its probative valve, the question s of admissibility of evidence under TEX,R ,Evid 402 through 404 are assigned to the trial court and are reviewable on appeal only for abuse of discretion , citing **Coffin.v.State** 885 S..W.2d 140.149 ( Tex.CrimApp 1994 ) ,Thus when determining whether evidence is admissible under Rule 403, the reviewing court must consider no[t] just only whether the evidence is more prejudicial than probative it must also consider whether the probative valve is substantially outweighed by the danger of unfair prejudice ,Id [7]

Petitioner would argue here that the improper admission of states exhibits 37, 38,and 39 allowed the jury to give undue weight to the hearsay evidence regarding his gang membership which was detrimental to him, Citing **Lopez.v. State** 200 S.W..3d at 246,245,255 ( Tex.App Houst [ 14th Dist ] 2006 pet Ref'd) The houston court there concluded "that" it was an abuse of discretion by the trial courts admitting duble hearsay,[8] the court held its nextstep would require it to evaluate the error for harm, Citing Tex,R,App,Proc 44.2(b)

FOOTNOTE _____

7, Zillender.v.State,557 S.W. 2d 515,517 ( Tex.Crim.App.1977 ) where the correct groud of exclusion [i]s obvious to the judge and opposing counsels no waiver results from a general or imprecise objection

8, Couret.v.State, 792 S.W. 2d at 107 ( Tex. Crim.App 1990 )

-13-

a violation of evidentiary rules that results in erroneous admission of evidence is considered Non-Constitutionan error and are subject to a harm analysis under Tex.R.App P 44.2(b) an error is considered harmless if the court determine it did not effect the accuse substantial rights[9],ones substaintial rights are violated if the error had a substaintial and injurious effect or influnce in the jurys determining of its verdict, , as such petitioner would argue that the punishment stage of his trial should have been more focus on the accusation made by the state in their pleading, Citing **Garcean.v.Woodford**,276 F.2d. 769 ( 2001 ) he should no[t] be assessed punishment for collateral crimes or for being a criminal generally, he is entitled tobe punished upon those accusation in which he was found guilty..here the states emphasized and encuraged juror to punish him additionally for collateral crimes or because he was a member of the Barrio Azteca gang , a gang in which the expart testified its member where known for "Assaults"Robberies,"Kidnapping "Drug traff.icking,"Money laundering "extortion and other white collar offenses ( RR5,149 150 ) Citing **Kemp.vState** 846 S.W. 2d 289,307 ( Tex.Crim,App 1992 ) also Citing **Klueppel.v.State** Supre at 505 S.W. 2d at 552,574 ( Tex.Crim.App 1974)

Petitioner therefore argues that the states argument at the punishment phase more or less asks juror to speculate about other victims,asking them to consider evidence not in the record,asking them to further speculate whether he was involved in these activity to which the expert witness testified it's members where known for by attempting to show unadjudicate criminal acts in which petitioner had not been tried for only to get additional punishment for him being a member of a gang , with out any particutor referance to any offenses contected to petitioner or his gang ,Thus inviting the jury to assess additional punishment for a remote collateral crime went beyond the bounds of merely asking juror in assessing there punishment to consider the facts and circumstance immedately surrounding the charged offense ,Citing **Lamas.v.State**,707 S.W. 2d at 566 ( Tex.Crim.App 1986 ) Therefore the evidence

FOOTNOTE ————————
9,In making its determination the reviewing courts should consider the record as a whole,incCluding any testimony or physical evidence admitted for the jurys consideration,the nature of the evidence supporting the verdict,the charater of the alleged error,and how it might be considered in connection with other evidence in the case,

surrounding petitioner gang membership should have been excluded ,because 1 ) it was not Relevant, 2 ) it was impermissible character evidence,3) the evidence tendency to prejudice the jury substabtially outweighed its probative value, 4) the evidence was not offered to either prove motive or intent wasn't admissible to rebut a defense theory ,Therefore this Court should Reverse and Remand for cause ,and a New punishment phase Citing **Garcia.v.State**201 S.W. 3d 695 ( Tex.Crim.App 2006 )

## PRAYER

**Wherefore premisesConsidered,** Petitioner for Discretionary review and reasons stated above,the judgment and holding of the 8th Court of Appeal and that of the 120th, District Court be set aside and a New Punishment hearing be granted petitioner in the interest of Justice,

Respectfully Submitted

Fernando Magalde,
TDCJ-ID NO 01828058
McConnell Unit
3001 S,Emily DR
Beeville Texas 78102
4 / 10 / 2015

## CERTIFICATE OF SERVICE

I, Fernando Magalde hereby certify that a true and correct copy of the above foregoing petitioner for Discretionary Review has been placed in the U.S Postage Service Box Addressed to the Court of Criminal Appeal P.O BOX 12308 Capital Station Austin ,Texas 78711 on this day April and date 10 of 2015

Respectfully Submitted

Mr,Fernando Magalde
TDCJ-ID NO 01828058
McConnell Unit
3001 S,Emily DR
Beeville Texas 78102
4 / 10 / 2015

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Fernando Magalde
_____

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: McConnell Unit _____

TDCJ-CID NUMBER: 01828058 _____ SID NUMBER: _____

(1)     **This application concerns** (check all that apply):

    ☐  **a conviction**        ☐  **parole**

    ☐  **a sentence**         ☐  **mandatory supervision**

    ☐  **time credit**        ☒  **out-of-time appeal or petition for discretionary review**

(2)     **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

12th District El Paso County,Texas
_____

(3)     **What was the case number in the trial court?**

2011OD05035
_____

(4)     **What was the name of the trial judge?**

Maria-Salas Mendoza
_____

Rev. 01/14/14

**(5)** **Were you represented by counsel? If yes, provide the attorney's name:**

Robert Riley & Jaime Gandara

**(6)** **What was the date that the judgment was entered?**

January 25, 2012

**(7)** **For what offense were you convicted and what was the sentence?**

Violation of A Protective Order forty years

**(8)** **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

Trial NO    20    -    19    junto

**(9)** **What was the plea you entered? (Check one.)**

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

**If you entered different pleas to counts in a multi-count indictment, please explain:**

N/A

**(10)** **What kind of trial did you have?**

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

N/A

(12) Did you appeal from the judgment of conviction?

☒ yes             ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? 8th Court of Appeals

(B) What was the case number? 08-12-00065-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

M,Clara Hernandez & Penney Lee Andersen

(D) What was the decision and the date of the decision? Affirmed  March 28,2014

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes             ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? N/A

(B) What was the decision and the date of the decision? _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes             ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? WR 82-561-01

3

Rev. 01/14/14

**(B)** What was the decision and the date of the decision?   Granted January 2, 2015

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

The original date to file the PDR was April 27, 2014 ,But a letter to the El Paso Piblic defender office was not transfered to the court of appeals ,due to a clerical error which caused the time period to expire  after a motion for out-of-time PDR was denied on June 16, 2014, A Writ of Habeas corpus was filed to the court of criminal appeal who granted petitioner a chance to file this out-of time PDR  (WR PD 115-15 ) now before this Honorable Court

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

N/A

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim?       N/A

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

N/A

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

_____

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:** The trial court abused its discretion ,allowing prosecutor to introduce at the punishment phase evidence of his purpose gang membership ,Thus deprived him of a fair trial

**FACTS SUPPORTING GROUND ONE:** The 8th Court of appeals was wrong not consider petitioner claim , ,at the punishment phase the objection to the veracity of the information was sufficient to properly preserve the issue for appellate review, , when the prosecution was ready to offer Exhibit 37,which contained booking information ,not relevant to the issue petitioner timely objected (RR5,80-88-90 ) over his objection the trial court allowed the prosecution to introduce the documents into evidence ,when it wasn't to publish the information petitioner further objected to it being hearsay the court was asks ,if it would review the information ( in Carma ) after a short bench conference ,the trial judge overruled both objection to veracity and hearsay and allowed the information to be heard by the jury , The state was also permitted to improperly introduce other forms Exhibits 38,39 to the jury at the punishment phase which also contained unrelible information concerning him being a member of the Barrio Azteca gang after detention officer MR Duran, testified that he was the person that booked petitioner into the county jail ,and testified that another officer MO,Gonzalez told him petitioner Magalde told him he was a gang member (RR5,110-111) officer Pineira also at the punishment stage testified that petitioner was a gang member ,the state also called MR Sanchez, whom was deemed an expert by the trial court(RR5,149,150 ) and testified he knew the "Barrio Azteca" gang to be involved in illegal activity such as "Murder"Kidnapping"Aggravated Assaults"Robberies"and Drug trafficking etc , On appeal petitioner asserted a claim of abuse of discretion on part of the trial court , for allowing the prosecution over his objection to introduce such prejudicial evidences the 8th court of appeal was wrong in not][considering petitioners due process claim **See Memorandum pages 1-15**

6

Rev. 01/14/14

7

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS \_\_\_\_\_ DAY OF _____, 20\_\_\_\_\_.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and being presently incarcerated in _____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

17

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____


Signed on _____, 20_____.


_____
Signature of Petitioner


18

Rev. 01/14/14



| | | |
|---|---|---|
| FERNANDO MAGALDE, | § | No. 08-12-00065-CR |
| Appellant, | § | Appeal from |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 2011D05035) |
| | § | |

## OPINION

Fernando Magalde appeals his punishment verdict. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

In cause number 20110D05035, Appellant was charged by indictment for the offense of violation of a protective order.[1] The indictment also included an allegation that Appellant had a prior felony conviction for driving while intoxicated. In addition, the State subsequently filed a Notice of Enhancement and Habitualization, alleging three prior felony convictions. Appellant

---

[1] This is a companion case. In trial court cause number 20100D06141 Appellant was charged in a three-count indictment with robbery (Count I), aggravated kidnapping (Count II), and unlawful use of a motor vehicle (Count III). At the request of Appellant and the State, the trial court consolidated the two cases for a single trial. In cause number 20100D06141, the jury found Appellant not guilty of robbery and unlawful use of a motor vehicle as alleged in Counts I and III. The jury also found Appellant not guilty of aggravated kidnapping as alleged in Count II, but returned a guilty verdict on the lesser-included offense of unlawful restraint. In a separate appeal (No. 08-12-00064-CR), Appellant appeals his conviction.

pled "not true" to violation of a protective order. During punishment, he also pled "not true" to the allegations contained in the enhancement/habitualization paragraphs. At the conclusion of the guilt/innocence phase, a jury found Appellant guilty as charged. The trial then proceeded to the punishment stage.[2]

### Gang Related Punishment Evidence

### Testimony of Officer Duran and State's Exhibit 37 (Booking Document on Appellant)

Officer Duran, a detention officer with the El Paso County Sheriff's Office (EPSO) testified that he processed Appellant for booking into county jail. The State offered booking documents marked as State's Exhibit 37. The following exchange then took place:

> [COUNSEL FOR APPELLANT]: We would only object as to the veracity of the information contained in the item, but not to the introduction of the item per se.
>
> THE COURT: Is this booking information?
>
> [PROSECUTOR FOR THE STATE]: It is.
>
> THE COURT: 37 will be admitted.

The prosecutor then sought permission to publish the exhibit and defense counsel objected as to hearsay information which may be contained within the exhibit and requested the court to review the exhibit *in camera* to determine what, if any, hearsay was contained within. At the bench, the following conversation ensued:

> THE COURT: His own statements?
>
> [COUNSEL FOR APPELLANT]: No, these aren't his statements.
>
> THE COURT: Who else do they get it from? They ask him.
>
> [PROSECUTOR FOR THE STATE]: Yes. And the point here is --

---

[2] On appeal, Appellant's compliant is limited to challenging evidence admitted during the punishment stage. He does not challenge the sufficiency of the evidence to support his conviction. Therefore, we limit our recitation of the factual background to those facts relevant to the instant appeal.

[COUNSEL FOR APPELLANT]: I suppose I can take him on voir dire, except there is a chance that he's going to say hearsay things.

[PROSECUTOR FOR THE STATE]: Which is exactly what the exception is meant to address. He's the one who keeps the records. These aren't objections.

THE COURT: At or near the time goes to him as custodian. How they get that information comes from them.

[COUNSEL FOR APPELLANT]: My client is not a Barrio Azteca member, though.

[PROSECUTOR FOR THE STATE]: And that's exactly one of the other facts we're going to prove up in just a minute.

[COUNSEL FOR APPELLANT]: This guy is going to have contradicting information.

THE COURT: Goes to weight.

[COUNSEL FOR APPELLANT]: Okay.

The prosecutor then questioned Officer Duran about the information in the booking documents. Pointing to the statement, "Remarks, Barrio Azteca," he asked Officer Duran what the statement meant. Office Duran responded, "Usually it's a confirmed gang member, but that's done through a gang intel officer." He also explained that the gang affiliation notation is included as a safety measure.

On cross examination, defense counsel asked the officer whether Appellant told him he was a gang member. Officer Duran replied that Appellant had not told him and confirmed that he did not fill in the Barrio Azteca information on the booking documents.

### Testimony of Deputy Pineira and State's Exhibits 38 and 39

Deputy Pineira was the Security Threat Group Intelligence Coordinator, otherwise known as the gang-intelligence coordinator. He was tasked with compiling information on anyone booked into jail who was suspected of being a gang member. He also served as custodian of

those records. Detective Pineira explained that it is necessary to obtain information about gang membership so that gang members can be separated from the general population for safety reasons. He then explained the 10-point system used to identify someone as a gang member.

Detective Pineira identified State's Exhibits 38 and 39 as business records of the EPSO. The prosecutor then offered them into evidence and defense counsel responded, "No objection, Your Honor." State's Exhibit 38 was the Security Threat Group Member Confirmation Point Sheet for Appellant, or the 10-point system applied to Appellant. Pineira said the point sheet reflected that Appellant was affiliated with the Barrio Azteca gang because he had accumulated 10 points: 5 points for self-admission of gang membership; 3 points for being identified by a confirmed gang member; and 2 points for being identified as a gang member by an unknown informant. He then identified State's Exhibit 39 as the Security Threat Group Self-Admission Sheet. The form reflected that Appellant admitted he was a Barrio Azteca gang member to two detention officers. The form was not signed by Appellant, but Detective Pineira testified that it was common for gang members to not sign the form.

### Testimony of Detective Sanchez

Detective Andres Sanchez worked in the El Paso Police Department Gang Investigation Unit. The gang unit is tasked with investigating gang related crimes, gathers information on El Paso gangs, and works to identify their members. Without objection, Detective Sanchez was allowed to testify as an expert witness. He explained that the gang unit uses the criteria set forth in Chapter 61 of the Texas Code of Criminal Procedure to identify gang members. He was familiar with State's Exhibits 37-39 and, based on his review of the documents, Appellant was a member of the Barrio Azteca gang.

## Punishment Verdict and Appeal

A jury found the enhancement/habitualization paragraphs true and assessed punishment at forty years' imprisonment and a $10,000 fine. The trial court entered judgment in accordance with the jury's verdict. On appeal, Appellant contends the trial court abused its discretion by admitting evidence of his gang membership.

## EVIDENTIARY ERROR?

Appellant contends that evidence of gang membership was not relevant, was more prejudicial than probative, and should have been excluded. The State responds that Appellant failed to preserve his issue for appellate review. We agree.

Generally, a party may not complain on appeal about the trial court's admission or exclusion of evidence unless that party made a timely, specific objection, request or motion and pursued such to an adverse ruling. *See* TEX.R.APP.P. 33.1(a); TEX.R.EVID. 103(a)(1); *Layton v. State*, 280 S.W.3d 235, 239 (Tex.Crim.App. 2009); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003). Subject to two exceptions, a party must continue to object each time inadmissible evidence is offered. *Martinez*, 98 S.W.3d at 193, *citing Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). These two exceptions require that counsel either: (1) obtain a running objection, or (2) request a hearing outside the presence of the jury. *Martinez*, 98 S.W.3d at 193, *citing Ethington*, 819 S.W.2d at 858.

At the punishment hearing, the State introduced evidence of Appellant's gang membership through multiple sources. State's Exhibits 37, 38, and 39 all include documentation of Appellant's gang affiliation. Officer Duran, Officer Pineira, and Detective Sanchez all confirmed that Appellant was identified as a gang member. Appellant's only objection to the

gang related evidence occurred when the State offered Exhibit 37 into evidence. But the objection was only to, "the veracity of the information contained in the item, but not to the introduction of the item per se." At no point did Appellant object based on Rule 403 or the prejudicial value outweighing the relevance of the evidence. Even if his objection could be construed as a complaint about either the relevance or prejudicial nature of the evidence, Appellant failed to object to the same evidence when offered through repeated sources. Consequently, Appellant failed to preserve this issue for our review. *See* TEX.R.APP.P. 33.1(a); TEX.R.EVID. 103(a)(1); *Brumfield v. State*, 18 S.W.3d 921, 924 (Tex.App.--Beaumont 2000, pet ref'd). We overrule the point sole and affirm the judgment of the trial court.

March 28, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)